1 | **AVYNO LAW P.C.**
Jennifer H. Hamilton, Esq. (SBN 220439)
Email: jhh@avynolaw.com
Jan A. Sundberg, Esq. (SBN 169186)
Email: jas@avynolaw.com
Shawn B. Hussain, Esq. (SBN 315872)
Email: sbh@avynolaw.com
6345 Balboa Blvd., Suite 312, Building I
Encino, CA 91316
Tel.: (818) 654-8840
Fax: (818) 332-4205

Attorneys for Plaintiff LIVN Worldwide Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| LIVN Worldwide Ltd., a Mauritius limited company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Vubiquity Inc., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **CASE NO.:**<br><br>COMPLAINT FOR:<br>1. Copyright Infringement<br>2. Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under the Lanham Act<br>3. False Advertising Under the Lanham Act<br>4. Violation of the Digital Millenium Copyright Act<br>5. Misappropriation of the Right of Publicity – Common Law and Cal. Civ. Proc. § 3344<br>6. Fraud<br>7. Violation of California Business and Professions Code § 17200, et. seq.<br>8. Quantum Meruit<br><br>**DEMAND FOR TRIAL BY JURY** |

1
COMPLAINT

Plaintiff LIVN Worldwide Ltd. ("Plaintiff"), by and through its counsel, Avyno Law P.C., in its complaint against Vubiquity Inc. ("Defendant"), alleges as follows:

## PARTIES

1. Plaintiff is and was at all times relevant to this litigation, a Mauritius limited company, with its corporate offices in the nation of Mauritius.

2. Defendant was at all times relevant to this litigation, a Delaware limited liability company, with its corporate offices in Los Angeles County, California.

3. Plaintiff is unaware of the true names and capacities of defendants sued as Does 1 through 10, inclusive, and therefore sue these defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this Complaint, and that Plaintiff's damages were proximately caused by those defendants.

4. At all times material to this Complaint, each of the defendants in addition to acting for himself, herself or itself and on his, her or its own behalf individually, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent and permission of, each and all of the defendants and within the course, scope and authority of that agency, service, employment, and representation. The acts of each of the defendants were fully ratified by each and all of the defendants. The actions, failures to act, and breaches alleged and attributed to one or more of the specific defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the defendants.

## JURISDICTION AND VENUE

5. This Court has subject jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et. seq.,

and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. The Court has personal jurisdiction over Defendant. Defendant's corporate offices are in California. Defendant solicits, transacts and does business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant.

8. Venue is proper in this Court because, among other, Defendant maintains its corporate offices and conducts business in this district, and the alleged actions constituting violations of law occurred in this district.

9. Plaintiff's rights and the copyright protection for Martial Universe (as defined below) are protected under the Berne Convention for the Protection of Literary and Artistic Works.

## FACTUAL BACKGROUND

10. Plaintiff was and is the exclusive licensee authorized to distribute and sell the premium 60-episode series titled Martial Universe ("Martial Universe"). Copies of all the Martial Universe episodes were provided to Defendant in June 2019 as part of technical assessment during negotiations for a commercial license agreement with Juice Worldwide, a division of Defendant. The negotiations between Plaintiff and Juice Worldwide fell apart. At no time did Defendant acquire any license or other right to Martial Universe.

11. Subsequently, on or about the end of August 2020, while moving forward with its own plans to distribute the Martial Universe content on iTunes,

Plaintiff discovered that, without its knowledge or approval, the episodes of Martial Universe had already been uploaded to the iTunes platform by Defendant.

12. Plaintiff discovered that Defendant had offered all 60 episodes of Martial Universe to iTunes users for at least 12 months without any authorization or license from Plaintiff.

13. Defendant's distribution of Martial Universe on the iTunes platform was unfair, unlawful and fraudulent. Defendant knew that it did not have Plaintiff's approval, license or authorization to distribute or sell Martial Universe, while at the same time it represented on the iTunes platform that the episodes were offered and/or authorized by Plaintiff.

14. By unlawfully releasing the Martial Universe episodes and using Plaintiff's name without promotion and marketing, not only did Defendant deprive Plaintiff of the opportunity to successfully launch the Martial Universe series, but damaged Plaintiff's ability to promote other titles on the iTunes platform. The low ratings caused by Defendant's unauthorized and unlawful distribution of all episodes of Martial Universe has rendered the content ineligible for placement on the iTunes pre-orders charts, which is highly sought after to generate buzz and demand for future titles on the platform.

## FIRST CAUSE OF ACTION
## Copyright Infringement - 17 U.S.C. § 501

15. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

16. At all times relevant hereto, Plaintiff has been the exclusive licensee of the Martial Universe content, that was reproduced, distributed and publicly displayed by Defendants through the iTunes platform without Plaintiff's authorization or license.

17. Plaintiff did not authorize Defendant's copying, display, marketing and/or distribution and sales of the Martial Universe content.

18. Defendant infringed the copyrights in Plaintiff's creative works by reproducing, distributing and/or publicly displaying the works by and through the iTunes platform without proper approval or authorization of Plaintiff.

19. Defendant knew its acts constituted copyright infringement. Defendant's conduct was willful within the meaning of the Copyright Act.

20. As a result of its wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and good will.

21. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendant has made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

22. In addition, because Defendant's infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

## SECOND CAUSE OF ACTION

**Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A)**

23. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

24. This Count is a claim for federal unfair competition, false endorsement, false association and false designation of origin under 15 U.S.C. § 1125(a)(1)(A).

25. Defendant's acts of uploading, marketing and selling the Martial Universe episodes on the iTunes platform with the use of Plaintiff's name was in

1 interstate commerce and done specifically to unlawfully create sales to the benefit
2 of Defendant.

3     26.    Defendants wrongful conduct, includes unlawfully exploiting
4 Plaintiff's name and likeness and the name and likeness of the actors in the Martial
5 Universe episodes, which conduct was all done with the intent of confusing and
6 misleading consumers into believing that Defendant owned the rights to certain
7 intellectual property that it did not rightfully own.

8     27.    This unauthorized use constitutes unfair competition, false designation
9 of origin and false and misleading representation of fact by Defendant that was
10 likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,
11 connection or association of Defendant with Plaintiff and its intellectual properties,
12 or as to the origin, sponsorship, or approval of Defendant use of the Martial
13 Universe episodes, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

14     28.    Defendants knew or should have known that its unauthorized use of
15 Plaintiff's name and its intellectual properties was likely to cause confusion or
16 mistake by the public regarding whether Plaintiff and its intellectual properties are
17 endorsed, affiliated, connected to, or associated with Defendant.

18     29.    Due to Defendants' unauthorized use of Plaintiff's name and false
19 claims of ownership to Plaintiff's intellectual property, Plaintiff has and will
20 continue to suffer damages.

21     30.    On information and belief, Defendants have or will profit by its
22 wrongful conduct and activities.

23     31.    On information and belief, Defendant's conduct was intentional,
24 willful, and with full knowledge of the violation of Plaintiff's rights.

25     32.    Plaintiff is entitled to its attorneys' fees and full costs pursuant to 15
26 U.S.C. §1117 and prejudgment interest according to law.
27 //
28 //

**THIRD CAUSE OF ACTION**

**False Advertising Under Section 43(a)(1)(B) of the Lanham Act,**

**15 U.S.C. §1125(a)(1)(B)**

33. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

34. This Count is a claim for false and deceptive advertising under 15 U.S.C. §1125(a)(1)(B).

35. Defendant's unlawful use of Plaintiff's name and the Martial Universe episodes on the iTunes platform constitute commercial advertising and/or commercial promotion placed into interstate commerce.

36. Defendant's unlawful use of Plaintiff's name and the Martial Universe episodes on the iTunes platform contains false and misleading statements about the nature, characteristics and/or origin of the products that Defendant had available for sale.

37. Defendant's unlawful use of Plaintiff's name and the Martial Universe episodes on the iTunes platform directly and/or proximately caused and/or is likely to cause Plaintiff to suffer harm and damages, as well as irreparable diminution to Plaintiff's reputation, fame and goodwill.

38. Upon information and belief, Defendant's acts and conduct complaint of herein constitute false advertising in violation of U.S.C. §1125(a)(1)(B).

39. Plaintiff has suffered and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein. Plaintiff have no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

**Violation of the Digital Millenium Copyright Act – 17 U.S.C. § 1202**

40. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

41. The Martial Universe contained copyright management information.

42. Upon information and belief, Defendant intentionally provided incorrect copyright management information for the Martial Universe episodes.

43. Upon information and belief, Defendant removed, altered and/or provided incorrect copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of the Martial Universe episodes.

44. Upon information and belief, Defendant reproduced, distributed and publicly displayed the Martial Universe episodes without correct copyright management information in order to facilitate or conceal the infringement upon the Martial Universe episodes.

45. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were willful.

46. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

47. At its election, and in lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act.

48. Plaintiff is entitled to recover costs and attorney's fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## FIFTH CAUSE OF ACTION
## Misappropriation of the Right of Publicity –
## Common Law and Cal. Civ. Proc. § 3344

49. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

50. Plaintiff is the exclusive licensee to works that embody images of actors, all of whom have executed written agreements through which Plaintiff became the exclusive proprietor of the actor's rights of publicity in the performances embodied in Plaintiff's creative works.

51. Defendant infringed the rights of publicity controlled by Plaintiff by displaying the images of the actors for commercial gain without authorization.

52. As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has been damaged by lost income in an amount to be determined at trial.

53. Defendant acted deliberately to injure Plaintiff and otherwise in conscious disregard of Plaintiff's rights. Further, Defendant performed these acts, or other authorized, ratified or had knowledge of them and thereby acted in conscious disregard of Plaintiff's rights. Defendant's conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendant in an amount unknown at the present time.

54. The acts and conduct of Defendant as alleged above constitute a misappropriation of the right of publicity pursuant to the common law of the State of California.

55. The acts and conduct of Defendants as alleged above constitute a misappropriation of the right of publicity in the form of the unauthorized commercial use of an image in violation of California Civil Code §3344.

56. Defendant's conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profits to Defendants in an amount unknown at the present time.

57. The aforementioned acts of Defendant were willful, oppressive, fraudulent and malicious and therefore, Defendant's conduct justified an award of exemplary or punitive damages in an amount sufficient to punish Defendant and to make example of them to others as provided for in Cal. Civ. Code § 3344(a).

## SIXTH CAUSE OF ACTION

### Fraud

58. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

59. Plaintiff is informed and believes and thereon alleges that on or about June of 2019, when Plaintiff provided Defendant with the Martial Universe episodes, Defendant knowingly made false representations that Defendant was going to use the Martial Universe episodes for due diligence and technical assessment. Defendant knew that it never had any right to: (i) market, distribute and sell the Martial Universe episodes; and (ii) use Plaintiff's name in connection with the marketing, distribution and sales of Martial Universe. Defendant knowingly used Plaintiff's name and fraudulently uploaded the Martial Universe episodes to the iTunes platform without any intent to compensate Plaintiff.

60. As described in detail above and incorporated herein, Defendant intentionally and consciously misrepresented and omitted material facts in utter disregard of the truth with the specific purpose and intent to induce Plaintiff to turn over the Martial Universe episodes, so that it could upload and distribute the Martial Universe episodes on the iTunes platform.

61. Plaintiff reasonably, justifiably, and detrimentally relied on Defendant's misrepresentations and fraudulent omissions.

62. As a direct and proximate cause and result of Defendant's misrepresentations and fraudulent acts, Plaintiff has been damaged in an amount according to proof and in excess of the jurisdictional minimum of this Court.

63. Moreover, Defendant's fraudulent actions, conscious and reckless disregard of the consequences of its actions, and its intent to injure Plaintiff were willful, wanton, malicious or oppressive so as to warrant punitive damages against it to punish or deter it from similar future conduct.

//

## SEVENTH CAUSE OF ACTION

**Violation of California Business and Professions Code § 17200, et. seq.**

64. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

65. California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law" or "UCL") prohibits, among other things, unlawful, unfair, deceptive and fraudulent business practices.

66. Plaintiff is informed and believes that Defendant's fraudulent misrepresentations and omissions and its unlawful and unfair use of the Martial Universe episodes and Plaintiff's name constitute unlawful, unfair and fraudulent business practices under the UCL.

67. Plaintiff has standing to pursue these claims as it has suffered injury in fact and has lost money as a direct, proximate, and substantial cause and result of Defendant's violations of the UCL. Plaintiff seeks damages in an amount of which will be proven at trial and in excess of the jurisdictional minimum of this Court.

68. Plaintiff is entitled to recover costs and attorney's fees according to proof at trial

## EIGHTH CAUSE OF ACTION

**Quantum Meruit**

69. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

70. Defendant had the duty to be truthful and informative to Plaintiff. Defendant's use of the Martial Universe episodes and Plaintiff's name was unlawful and unfair. Defendant had no right or authorization to upload, distribute and sell the Martial Universe episodes on the iTunes platform or use Plaintiff's name in connection therewith.

71. By unlawfully uploading, distributing and selling the Martial Universe episodes on the iTunes platform, Defendant unduly benefitted from the

use of a commercial work that was exclusively licensed to Plaintiff.

72. It would be fair and just under principles of quantum meruit for Defendant to pay Plaintiff the reasonable value of the use of the Martial Universe episodes that directly benefited Defendant.

73. Plaintiff has been damaged as a direct, proximate, and substantial cause and result from Defendant's actions. Plaintiff seeks damages in an amount of which will be proven at trial and in excess of the jurisdictional limit of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

1. Plaintiff be awarded his actual damages, in an amount to be proven at trial;
2. Plaintiff be awarded his incidental and consequential damages in an amount to be proven at trial;
3. Plaintiff be awarded punitive damages in an amount to be proven at trial;
4. Plaintiff be awarded his attorney's fees and costs; and
6. Plaintiff be granted such other relief as this Court may deem just and proper.

Dated:  December 10, 2021   **AVYNO LAW P.C.**

By:  /s/ Jennifer Hamilton
       Jennifer Hamilton

       Attorneys for Plaintiff
       LIVN Worldwide Ltd.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues properly triable to a jury.

Dated: December 10, 2021   Avyno Law P.C.

          By: /s/ Jennifer Hamilton
            Jennifer Hamilton

            Attorneys for Plaintiff
            LIVN Worldwide Ltd.