1  ELEANOR M. LACKMAN (SBN 298594)
      eml@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
3  Los Angeles, CA 90067
   Telephone:  (310) 312-2000
4  Facsimile:   (310) 312-3100

5  Attorneys for Defendant Vubiquity Inc.

6

7

8                  **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10

11  | | |
    |---|---|
    | LIVN Worldwide Ltd., a Mauritius limited company, | CASE NO. 2:21-cv-09589-AB-KS |
    | Plaintiff, | Honorable André Birotte Jr. |
    | v. | **DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM IN SUPPORT THEREOF** |
    | Vubiquity Inc., a Delaware corporation; and DOES 1 through 10, inclusive, | |
    | Defendant. | Date:       March 18, 2022<br>Time:       10: 00 a.m.<br>Location:   United States Courthouse, Courtroom 7B<br>350 W First Street<br>Los Angeles, CA 90012 |

Mitchell
Silberberg &
Knupp LLP

                                   1
13947256.7/51251-00001

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on March 18, 2022, at 10:00 a.m., before the Honorable André Birotte Jr. in Courtroom 7B of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012, Defendant Vubiquity, Inc. ("Vubiquity") will and hereby does move for an order dismissing the First Amended Complaint ("FAC"), filed December 10, 2021 by Plaintiff LIVN Worldwide Ltd. ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

The Court should dismiss Plaintiff's Second Cause of Action for Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under the Lanham Act, Third Cause of Action for False Advertising Under the Lanham Act, Fourth Cause of Action for Violation of the Digital Millennium Copyright Act ("DMCA"), Fifth Cause of Action for Fraud, and Sixth Cause of Action for Violation of California Business and Professions Code § 17200, et. seq., with prejudice.  Additionally, the Court should dismiss claims of copyright infringement alleged in the First Cause of Action that do not relate to acts alleged to be committed by Vubiquity and/or acts that are merely "making available" a work for download.

This Motion is made on the following grounds:

1. As to Plaintiff's Second, Third, Fifth and Sixth Causes of Action, such claims are preempted by the Copyright Act, 17 U.S.C. § 301(a), because each of these claims is based solely upon Vubiquity's allegedly unauthorized use of a copyright-protected work and is not qualitatively different from one or more of the exclusive rights under copyright protection.

2. As to Plaintiff's Fifth and Sixth Causes of Action, Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's FAC fails to sufficiently allege facts establishing each element of each of the claims.

Mitchell
Silberberg &
Knupp LLP

2

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

3. As to Plaintiff's Fourth Cause of Action, Plaintiff fails to plead plausible facts supporting the elements of its DMCA claim, including standing and scienter.

4. As to Plaintiff's First Cause of Action, Plaintiff's copyright infringement claim is overbroad.

This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the FAC on file in this matter (Dkt. 13), and any further arguments that may be made at a hearing on this motion.

This motion is made following the multiple attempts to schedule a conference of counsel pursuant to L.R. 7-3, to which Plaintiff never responded.[1]

DATED: February 17, 2022        MITCHELL SILBERG & KNUPP LLP

By:  /s/ Eleanor M. Lackman
        Eleanor M. Lackman
        Attorneys for Defendant
        Vubiquity Inc.

---

[1] The parties previously met and conferred regarding the original Complaint in this action, following which Plaintiff amended its complaint.  On January 31, 2022, Vubiquity reached out to Plaintiff's counsel to request a meeting to discuss concerns that remained regarding most of the causes of action in the FAC.  Hearing no response, on February 1, 2022, Vubiquity again asked to confer.  As of the date of this motion, Plaintiff has failed to respond to Vubiquity's requests to confer.

Mitchell
Silberberg &
Knupp LLP

3

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................1

II.   BACKGROUND ........................................................................2

III.  ARGUMENT ............................................................................3

    A.   Plaintiff's Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under the Lanham Act Are Not Cognizable Following *Dastar* ...........................................3

    B.   Plaintiff Fails to Plead Factual Support for the Requisite Elements of a False Advertising Claim ...............................................5

    C.   Plaintiff Fails to Allege the Necessary Facts to Establish a Digital Millennium Copyright Act Claim ...........................................7

    D.   Plaintiff's Fraud Claim is Preempted and Unviable ...........................10

        1.   Plaintiff's Fraud Claim Is Preempted by the Copyright Act ....10

        2.   Even If Plaintiff's Fraud Claim Is Not Preempted by the Copyright Act, Plaintiff's Claim Fails as a Matter of Law ......11

    E.   Plaintiff Fails to Meet the Pleading Test for Its Preempted Section 17200 Claim ...............................................................14

    F.   To The Extent Plaintiff Alleges Infringement Resulting from Download by Users, the Copyright Infringement Claim is Barred ....15

IV.   CONCLUSION ........................................................................17

Mitchell Silberberg & Knupp LLP

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A Slice of Pie Prods. v. Wayans Bros. Entm't,*
392 F. Supp. 2d 297 (D. Conn. 2005) ................................................................5

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...........................................................................................3, 9

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...........................................................................................2

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.,*
536 F.3d 121 (2d Cir. 2008) .............................................................................17

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.,*
911 F.2d 242 (9th Cir. 1990) ............................................................................6, 7

*Dastar Corp. v. Twentieth Century Fox Film Corp.,*
539 U.S. 23 (2003) ............................................................................................3, 4, 5

*Dix v. Nova Benefit Plans, LLC,*
No. 14-cv-08678-AB, 2015 WL 12859221
(C.D. Cal. Apr. 28, 2015) .................................................................................11, 14

*Epicor Software Corp. v. Alternative Tech. Sols., Inc.,*
No. 13-cv-00448-CJC, 2013 WL 2382262 (C.D. Cal. May 9, 2013) ..............6, 7

*Evox Prods. LLC v. AOL Inc.,*
522 F. Supp. 3d 727 (C.D. Cal. 2021) ..............................................................5

*Fox Broad. Co. v. Dish Network L.L.C.,*
747 F.3d 1060 (9th Cir. 2014) ..........................................................................17

*Giddings v. Vison House Prod., Inc.,*
No. CV05-2963-PHX (MHM), 2007 WL 2274800
(D. Ariz. Aug. 7, 2007)......................................................................................11

*Goodness Films, LLC v. TV One, LLC,*
No. CV 12-8688-GW(JEMX), 2013 WL 12145508
(C.D. Cal. Feb. 28, 2013) ..................................................................................10

Mitchell
Silberberg &
Knupp LLP

ii

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Hemlock Hat Co., Inc. v. Diesel Power Gear, LLC*,
No. 19-cv-02422 AJB-AHG, 2020 WL 7013585
(S.D. Cal. Nov. 25, 2020) .............................................................................. 10, 15

*In re Century 21-RE/MAX Real Est. Advert. Claims Litig.*,
882 F. Supp. 915 (C.D. Cal. 1994) ........................................................................ 6

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ........................................................................ 12, 14

*Kelly v. Arriba Soft Corp.*,
77 F. Supp. 2d 1116 (C.D. Cal. 1999), *aff'd in part, rev'd in part*,
280 F.3d 934 (9th Cir. 2002), *opinion withdrawn and superseded
on denial of reh'g*, 336 F.3d 811 (9th Cir. 2003), and *aff'd in part,
rev'd in part,* 336 F.3d 811 (9th Cir. 2003) .......................................................... 8

*Khoury v. Maly's of California, Inc.*,
14 Cal. App. 4th 612 (1993) .............................................................................. 14

*Krechmer v. Tantaros*,
747 F. App'x 6 (2d Cir. 2018) ............................................................................. 8

*Lanard Toys Ltd. v. Novelty Inc.*,
511 F. Supp. 2d 1020 (C.D. Cal. 2007) ............................................................. 14

*Matlean v. Fed. Hous. Fin. Agency*,
No. 19-cv-00287-AB, 2019 WL 2620716
(C.D. Cal. May 24, 2019) ..................................................................................... 3

*Max Daetwyler Corp. v. Input Graphics, Inc.*,
608 F. Supp. 1549 (E.D. Pa. 1985) ...................................................................... 7

*McCormick v. Sony Pictures Ent.*,
No. CV07-05697-MMM(PLAX), 2008 WL 11336160
(C.D. Cal. Nov. 17, 2008) .............................................................................. 11, 13

*Morgan v. Associated Press*,
No. 15-cv-03341 CBM-JEM, 2016 WL 6953433
(C.D. Cal. Mar. 16, 2016) ..................................................................................... 8

Mitchell
Silberberg &
Knupp LLP

iii

1

## TABLE OF AUTHORITIES
<u>(continued)</u>

2

3

<u>Page(s)</u>

4

*Perfect 10, Inc. v. Giganews, Inc.*,
   847 F.3d 657 (9th Cir. 2017) .............................................................. 16

5

6

*Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
   No. 11-cv-05177, 2012 WL 414803 (N.D. Ill. Feb. 8, 2012) ............................ 8

7

*Philpot v. Alternet Media, Inc.*,
   No. 18-cv-00449-TSH, 2008 WL 6267876
   (N.D. Cal. Nov. 30, 2018) ...................................................................... 8

8

9

*SA Music, LLC v. Amazon.com, Inc.*,
   No. 20-cv-00105-BAT, 2020 WL 3128534 (W.D. Wash. June 12,
   2020), *reconsideration denied*, No. 20-cv-00105-BAT, 2020 WL
   3798935 (W.D. Wash. July 7, 2020), and *motion to certify appeal
   denied*, No. 20-cv-00105-BAT, 2020 WL 4501518
   (W.D. Wash. Aug. 5, 2020) ................................................................. 16

10

11

12

13

14

*SA Music, LLC v. Amazon.com, Inc.*,
   No. 20-cv-00579-BJR, 2021 WL 243430
   (W.D. Wash. Jan. 25, 2021) ................................................................. 17

15

16

*Shroyer v. New Cingular Wireless Servs., Inc.*,
   622 F.3d 1035 (9th Cir. 2010) ............................................................... 3

17

18

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir.), *opinion amended on denial of reh'g*,
   275 F.3d 1187 (9th Cir. 2001) ............................................................... 3

19

20

*Stevens v. Corelogic, Inc.*,
   194 F. Supp. 3d 1046 (S.D. Cal. 2016), *aff'd*, 893 F.3d 648 (9th
   Cir. 2018), *withdrawn from bound volume*, and *aff'd*,
   899 F.3d 666 (9th Cir. 2018) ................................................................. 8

21

22

23

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) .............................................................. 8, 9

24

25

*Sukonik v. Wright Med. Tech., Inc.*,
   No. 14-cv-08278-BRO, 2015 WL 10682986
   (C.D. Cal. Jan. 26, 2015) ................................................................ 13, 14

26

27

28

Mitchell
Silberberg &
Knupp LLP

iv

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Sybersound Recs., Inc. v. UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) ....................................................................5

*Tomek v. Apple Inc.*,
  636 F. App'x 712 (9th Cir. 2016) .............................................................12

*Trenton v. Infinity Broad. Corp.*,
  865 F. Supp. 1416 (C.D. Cal. 1994) ........................................................14

*UMG Recordings, Inc. v. Augusto*,
  628 F.3d 1175 (9th Cir. 2011) ..................................................................16

*Vess v. Ciba–Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................11, 12

*Williams v. UMG Recordings, Inc.*,
  281 F. Supp. 2d 1177 (C.D. Cal. 2003) .....................................................5

## STATUTES

15 U.S.C.
  § 1125(a) ......................................................................................................4
  § 1125(a)(1)(A) .......................................................................................3, 5
  § 1125(a)(1)(B) .......................................................................................5, 6

17 U.S.C.
  § 106 .....................................................................................................4, 16
  § 301(a) .......................................................................................................4
  § 412 ..........................................................................................................18
  § 504(b) .....................................................................................................17
  § 1202 ................................................................................................1, 7, 9
  § 1202(a) .....................................................................................................7
  § 1202(c) .....................................................................................................8
  § 1203(a) .....................................................................................................9

Cal. Civ. Code § 17200 ...............................................................................14

California Business and Professions Code § 17200 ........................1, 14, 15

Copyright Act ......................................................1, 3, 4, 5, 10, 11, 15, 17, 18

Mitchell Silberberg & Knupp LLP

v

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Digital Millennium Copyright Act ........................................................... 1, 2, 8, 9, 17

Lanham Act ...................................................................................... 1, 4, 5, 6, 7, 17

### OTHER AUTHORITIES

Federal Rules of Civil Procedure
    Rule 9 .................................................................................................... 6, 10
    Rule 9(b) ......................................................................................... 3, 10, 12
    Rule 12(b)(6) ............................................................................................. 3

Local Rule 7-3 ............................................................................................. 1, 2

M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 1.01[D][2] (2017) .................. 4

Mitchell
Silberberg &
Knupp LLP

vi

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Vubiquity, Inc. ("Vubiquity") respectfully submits this memorandum of points and authorities in support of its partial motion to dismiss Plaintiff LIVN Worldwide Ltd.'s ("Plaintiff's") First Amended Complaint ("FAC").

## I.   INTRODUCTION

Plaintiff's claims arise from one claimed set of facts: that Vubiquity allegedly did not have permission to make Plaintiff's 60-episode series titled Martial Universe (the "Series") available to iTunes for consumption by iTunes customers.  Taken as true for the sake of this stage, this claim may sound in copyright infringement relating to the delivery of the Series, but that is all. Plaintiff's kitchen-sink pleading stretches well beyond its proper bounds: the FAC claims that the facts alleged additionally give rise to claims of violations of multiple parts of the Lanham Act, interference with copyright protection measures under Section 1202 of the Digital Millennium Copyright Act ("DMCA"), violations of California Business and Professions Code § 17200, fraud, and copyright infringement relating to acts that are not cognizable under the Copyright Act.  As Vubiquity explained to Plaintiff in conjunction with the original Complaint, as well as to Plaintiff's several prior counsel before, the law is clear that Plaintiff's attempts to fold this hodgepodge of claims into a simple copyright infringement claim fail.[2]

Nearly all of Plaintiff's claims fail on the ground that they are preempted or otherwise barred by the scope of copyright law.  Put simply, they are copyright claims impermissibly disguised as other torts.  And for those claims that permit the claim upon showing an extra element, Plaintiff fails to plead anything but facts

---

[2] Vubiquity has again attempted to explain this point to Plaintiff in connection with the FAC, but Plaintiff declined to meet and confer on the current motion as contemplated by L.R. 7-3.  *See* Dkt. 14.

Mitchell Silberberg & Knupp LLP

1

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

rising under the Copyright Act.  Plaintiff's attempt to claim that Vubiquity violated the DMCA by including Plaintiff's own name fails to plead necessary facts and is implausible as well.  Finally, to the extent that Plaintiff's copyright claim alleges that Vubiquity is liable for the acts of users, the claim fails.  As a result, the FAC should be tailored appropriately to fit the pleaded facts, and the scope of pleaded damages should be adjusted accordingly.

## II.   BACKGROUND

Accepting as true solely for purposes of this motion all factual allegations contained in the FAC, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007), the relevant facts are as follows:

Plaintiff alleges it is the exclusive licensee in the United States for the Series, a Chinese drama series that premiered in China in 2018 and has been licensed on various digital platforms.  FAC ¶¶ 10, 12.  As part of substantive negotiations with a division of Vubiquity, a distributor, regarding distribution through Apple's iTunes service, Plaintiff provided master copies of the Series to Vubiquity for unspecified technical processing.  *Id.* ¶ 13.  However, the parties were unable to reach a commercial agreement.  *Id.* ¶ 14.  Plaintiff alleges that some months later, it discovered that the Series, along with identifying still images derived from the Series and some basic information about the Series, was available on the iTunes platform and had been "unlocked" for consumer purchase and download.  *Id.* ¶¶ 16-18.  Plaintiff claims that some amount of episodes were downloaded, *see id.*, but noticeably fails to indicate the extent of the activity, apart from implying that the Series was not a success.  *See id.* ¶ 33.  Upon being advised by Plaintiff that the Series had been "unlocked," Vubiquity took steps to remove or disable the content.  *Id.* ¶ 26.

On December 6, 2021, Plaintiff filed a seven-count Complaint.  On January 24, 2022, following a conference under L.R. 7-3, Plaintiff served its six-count FAC.

Mitchell Silberberg & Knupp LLP

2

## III.   ARGUMENT

Rule 12(b)(6) allows a defendant to move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter [that], accepted as true, … 'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Matlean v. Fed. Hous. Fin. Agency*, No. 19-cv-00287-AB, 2019 WL 2620716, at *2 (C.D. Cal. May 24, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But a court does not need to accept as true any "legal conclusion couched as a factual allegation" (*Iqbal*, 556 U.S. at 678; cleaned up) and does not need to make "unwarranted deductions of fact, or unreasonable inferences" from the facts as pled. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

Rule 9(b) requires a party alleging fraud or mistake to state their claim "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

### A.   Plaintiff's Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under the Lanham Act Are Not Cognizable Following *Dastar*

Plaintiff's Second Cause of Action, reciting various forms of claims under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), fails against Vubiquity because the claim is preempted by the Copyright Act. While the Copyright Act explicitly preempts "rights that are equivalent to any of the

exclusive rights within the general scope of copyright as specified by section 106", the Supreme Court has extended the Copyright Act's preemption rules to the Lanham Act.  17 U.S.C. § 301(a); *see, e.g., Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33-38 (2003); *see also* M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 1.01[D][2] (2017) (*Dastar* "gives wide berth to copyright principles in defeating the claims of creative plaintiffs who attempt to dress in other garb what is at base a claim for copying their expression.").

In *Dastar*, the Supreme Court held that the phrase "origin of goods" as defined by the Lanham Act has nothing to do with connoting the entity that originated the ideas behind a "good"; instead, Section 43(a) of the Lanham Act is intended to prohibit trademark infringement, which directly relates to purchasers being deceived by the origins of a good, while impairing a producer's goodwill. 539 U.S. at 32.  The Court in *Dastar* also stated its position that "in construing the Lanham Act, [they] have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright."  *Id.* at 34 (quoting *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001)).

Similarly to Plaintiff, the plaintiff in *Dastar* pled its "false designation of origin" claim by alleging that the defendant's marketing and selling of a slightly altered version of the copyrighted television series at issue, without acknowledging the foundation of the altered version was the television series, was "likely to cause confusion … as to the origin … of [its] goods."  *Id.* at 23; *see also* FAC ¶ 47.  The Supreme Court rejected the *Dastar* plaintiff's argument, holding that the Lanham Act's provisions were not designed to "protect originality or creativity."  539 U.S. at 37.

All of Plaintiff's Lanham Act claims solely rely on allegations that Vubiquity allegedly infringed on Plaintiff's copyright (*e.g.*, by "listing Plaintiff as the owner [and]… exploiting Plaintiff's name and likeness … to deceive as to the

affiliation, connection or association of Defendant with Plaintiff and its intellectual properties).  FAC ¶¶ 45-47.  None relies on allegations that involve the producer of a tangible good offered for sale.  *See A Slice of Pie Prods. v. Wayans Bros. Entm't*, 392 F. Supp. 2d 297, 313 (D. Conn. 2005) (holding that "any protection for the misappropriation of [] content comes from the Copyright Act, not from the Lanham Act."); *see also Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008) (affirming the district court's dismissal of plaintiff's Lanham Act claims based on its refusal to interpret "the Lanham Act to cover misrepresentations about copyright licensing status…"); *Evox Prods. LLC v. AOL Inc.*, 522 F. Supp. 3d 727, 733 (C.D. Cal. 2021) (use of images for profit insufficient to state a Lanham Act claim, citing *Dastar*); *Williams v. UMG Recordings, Inc.*, 281 F. Supp. 2d 1177, 1183–85 (C.D. Cal. 2003) (failure to give "credit" for a copyrighted narration script incorporated in the defendants' film is not a cause of action within the scope of the Lanham Act, citing *Dastar*).

Accordingly, Plaintiff's Lanham Act Section 43(a)(1)(A) claims are unviable given *Dastar* and should be dismissed with prejudice.

## B.  Plaintiff Fails to Plead Factual Support for the Requisite Elements of a False Advertising Claim

Even was it not barred by *Dastar* for the same reasons listed above, Plaintiff's false advertising claim also should be dismissed for failure to sufficiently plead all the elements required to bring a false advertising claim under Section 43(a)(1)(B) of the Lanham Act.  15 U.S.C. § 1125(a)(1)(B).

The elements of the claim themselves demonstrate that Plaintiff's claim regarding allegedly unauthorized delivery of content is a poor fit in the realm of false advertising.  To state a claim for false advertising under § 43(a)(1)(B), a party must allege: "1) in its ... advertisements, defendant made false statements of fact about its own product; 2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; 3) such deception is

material, in that it is likely to influence the purchasing decision; 4) defendant caused its falsely advertised goods to enter interstate commerce; and 5) plaintiff has been or is likely to be injured as the result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the good will which its products enjoy with the buying public." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 244 (9th Cir. 1990).  Moreover, a party must allege these elements with specificity as it would allege a fraud claim under to Fed. R. Civ. P. 9.  *See In re Century 21-RE/MAX Real Est. Advert. Claims Litig.*, 882 F. Supp. 915, 927 (C.D. Cal. 1994) ("the policies which underlie Rule 9's requirement that the nature of an alleged misrepresentation be pleaded with specificity are equally applicable to the type of misrepresentation claims presented in [a false advertising] Lanham Act claim") (citation omitted); *see also Epicor Software Corp. v. Alternative Tech. Sols., Inc.*, No. 13-cv-00448-CJC, 2013 WL 2382262, at *4 (C.D. Cal. May 9, 2013) (noting that the heightened pleading standard required by false advertising claims requires the plaintiff to "plead the time, place, and specific content of the false representations, the identities of the parties to the misrepresentation, and what about the statement is claimed to be misleading.") (internal citations omitted).

Here, Plaintiff alleges "false and deceptive advertising under 15 U.S.C. §1125(a)(1)(B)" of the Lanham Act by claiming that Vubiquity used "Plaintiff's name and the Martial Universe episodes on the iTunes platform[,]" and used "Plaintiff's name in connection with the Martial Universe series and episodes … along with inaccurate release date information … [and] false and misleading statements."  FAC ¶¶ 54-56.  Plaintiff does not, however, identify what specifically-identifiable "statements" Vubiquity made "about the nature, characteristics and/or origin of the products that Defendant had available for sale" that were allegedly "false and misleading."  FAC ¶ 56.  Plaintiff alleges only that Vubiquity allegedly, without authorization, delivered Plaintiff's series to iTunes

Mitchell Silberberg & Knupp LLP

6

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

and "unlocked" it, which is a mere restatement of its copyright infringement claim. FAC ¶ 18.  At a surface level, Plaintiff does not even meet the elements to establish a prima facie showing of "false advertising."  Plaintiff has not pled facts to allege any of Vubiquity's advertisements actually deceived or have the tendency to deceive a substantial segment of Plaintiff's audience, nor has it shown that any such deception is material.  *See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 244 (9th Cir. 1990).  Plaintiff does not identify the time, place, or content of the supposedly false and misleading statements.  *See Epicor Software Corp.*, 2013 WL 2382262, at *4.

Instead, Plaintiff uses Lanham Act buzzwords and boilerplate, but Plaintiff's vague allegations do not provide Vubiquity the necessary notice of the purported "false advertising" claims being asserted against it.  *Max Daetwyler Corp. v. Input Graphics, Inc.*, 608 F. Supp. 1549, 1556 (E.D. Pa. 1985).  Further, the allegations that are set forth confirm that the alleged falsehoods are not an advertisement, not material to purchasing, and not the reason for any claimed injury.  Therefore, the claim fails many times over and should similarly be dismissed.

## C.   Plaintiff Fails to Allege the Necessary Facts to Establish a Digital Millennium Copyright Act Claim

Based on similar facts recited regarding its false designation of origin claim, Plaintiff tries to assert a claim based on a statute that protects the "integrity of copyright management information."  17 U.S.C. § 1202.  In particular, Plaintiff alleges that Vubiquity provided inaccurate information to iTunes regarding the release date, airing date and the copyright owner, specifically, that Plaintiff's licensor is the owner, not Plaintiff.  *See* FAC ¶¶ 18, 20, 23.  Regardless of whether the allegations are true, the mere provision of allegedly false information is insufficient to state a claim under Section 1202(a) of the DMCA.  Instead, a plaintiff must plausibly allege that the defendant knowingly provided false copyright management information ("CMI") *and* that the defendant did so with the

Mitchell
Silberberg &
Knupp LLP

7

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

1    intent to induce, enable, facilitate, or conceal an infringement.  *See Krechmer v.*

2    *Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) (citing 17 U.S.C. § 1202(a)); *see also*

3    *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018) (identifying contours

4    of Section 1202(b) claim).

5        Plaintiff's allegations fall short.  As a threshold matter, neither a release date

6    nor an airing date is CMI in the first place, as the list set forth in the statute

7    confirms.  *See* 17 U.S.C. § 1202(c); *see also Stevens v. Corelogic, Inc.*, 194 F.

8    Supp. 3d 1046, 1052 (S.D. Cal. 2016), *aff'd*, 893 F.3d 648 (9th Cir. 2018),

9    *withdrawn from bound volume*, and *aff'd*, 899 F.3d 666 (9th Cir. 2018) (placing

10    one's own copyright notice on the same page as plaintiff's photographs does not

11    constitute false CMI); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, No.

12    11-cv-05177, 2012 WL 414803, at *6 (N.D. Ill. Feb. 8, 2012) (no DMCA claim

13    where claimed information was not CMI).

14        Nor has Plaintiff made any allegation sufficient to meet the standard of

15    plausibility that including Plaintiff's name in a submission to iTunes – a platform

16    that Plaintiff recognizes is both major and public, *see* FAC at ¶ 24 – was done in

17    order to "induce, enable, facilitate, or conceal an infringement."  Plaintiff is

18    required to plead facts regarding the double-scienter test of the DMCA, *see, e.g.,*

19    *Philpot v. Alternet Media, Inc.*, No. 18-cv-00449-TSH, 2008 WL 6267876, at *5

20    (N.D. Cal. Nov. 30, 2018), but all that Plaintiff alleges is that Vubiquity got some

21    information wrong.  *See* FAC ¶¶ 66-69.  The conclusory recitation that follows

22    fails to pass the pleading test.  *See id.* at ¶¶ 70-72.  *Morgan v. Associated Press*,

23    No. 15-cv-03341 CBM-JEM, 2016 WL 6953433, at *3 (C.D. Cal. Mar. 16, 2016)

24    ("a formulaic recitation of the elements of a cause of action, including allegations

25    regarding a defendant's state of mind, are not sufficient" for DMCA claim); *see*

26    *also Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *aff'd*

27    *in part, rev'd in part,* 280 F.3d 934 (9th Cir. 2002), *opinion withdrawn and*

28    *superseded on denial of reh'g,* 336 F.3d 811 (9th Cir. 2003), and *aff'd in part,*

Mitchell
Silberberg &
Knupp LLP

8

*rev'd in part,* 336 F.3d 811 (9th Cir. 2003) (DMCA claim failed where claimed misattribution was not alleged to have any effect on rate of infringement).  Nor can Plaintiff explain how any of the factual allegations that precede the conclusory allegations satisfy the statute's substantive requirements.  Rather, it is implausible to think that a party would add an exclusive licensee's (as opposed to its licensor's) name in conjunction with a series – distributed on a platform that Plaintiff claims is so significant that the launch caused substantial injury – in order to facilitate, conceal, or further any sort of infringement.  Indeed, the allegations in the FAC fail to explain how the addition of Plaintiff's name helps Vubiquity further any claimed infringement or cover its proverbial tracks, any more than identifying the licensor would do so.  *Iqbal*, 556 U.S. at 678-79 (courts may decline to accept allegations that do not lead to reasonable inferences of liability or are contrary to "common sense").  Indeed, Plaintiff never ties its allegations to the required objective of the alleged acts, as the statute requires for liability to attach.

Finally, another reason for dismissal lies in Plaintiff's failure to allege that it has standing to assert the claim.  For Plaintiff to have standing to assert a DMCA violation, it must plead injury as a result of the alleged violation, *i.e.*, the inclusion of Plaintiff's name as opposed to its licensor's name or the addition of nothing at all.  *See* 17 U.S.C. § 1203(a).  Plaintiff's claim here is that it was injured by the inclusion of its own name in the listings on iTunes, as opposed to there being nothing provided or having its licensor's name provided.  In other words, Plaintiff is claiming that its ability to enforce its copyright rights – the purpose underlying the enactment of Section 1202 of the DMCA, *see Stevens, supra* – is somehow thwarted by the addition of its own name.  This makes no logical sense, and Plaintiff will be unable to identify any precedent where a plaintiff successfully stated a claim under the DMCA in a scenario where the defendant used the plaintiff's own name in conjunction with an allegedly unauthorized use of a work.

Mitchell Silberberg & Knupp LLP

9

### D.   Plaintiff's Fraud Claim is Preempted and Unviable

Plaintiff's fraud claim fails for two reasons.  First, Plaintiff's fraud claim is not qualitatively different from claims asserted under the Copyright Act and is thus preempted by the Copyright Act.  Second, even if Plaintiff's fraud claim was not preempted by the Copyright Act, it should be dismissed because Plaintiff has not pled fraud in a way sufficient to satisfy the heighted pleading standard of the Federal Rules of Civil Procedure Rule 9.  Fed. R. Civ. P. 9(b).

### 1.   Plaintiff's Fraud Claim Is Preempted by the Copyright Act

Plaintiff's fraud claim is grounded in the allegation that a proposed transaction with Vubiquity was not completed, content uploaded in the course of the transaction was impermissibly delivered and, as a result, some unspecified number of episodes were streamed.  *See* FAC at ¶¶ 79-80; *see also* Point II, *supra*.  Accordingly, Plaintiff does not claim it was "defrauded": it claims that portions of its Series were viewed without authorization, a classic claim of copyright infringement.

Where a plaintiff relies primarily on a defendant's alleged fraudulent conduct as an element different from the federal Copyright Act to merely assert a protectable copyright interest, such a claim is preempted by the Copyright Act.  *See, e.g., Hemlock Hat Co., Inc. v. Diesel Power Gear, LLC*, No. 19-cv-02422 AJB-AHG, 2020 WL 7013585, at *5 (S.D. Cal. Nov. 25, 2020) (rejecting plaintiff's allegation of "fraudulent conduct as an extra element different from the federal Copyright Act" where the alleged wrongdoing's essence is grounded in a "protectable copyright interest") (internal quotations omitted).  Therefore, to avoid preemption, a plaintiff must specifically identify an additional element that sounds in fraud.  *See Goodness Films, LLC v. TV One, LLC*, No. CV 12-8688-GW(JEMX), 2013 WL 12145508, at *13–14 (C.D. Cal. Feb. 28, 2013) (granting motion to dismiss all state claims, including fraud, on the basis that "[t]o survive preemption, …[a] state claim must have an extra element which changes the nature

Mitchell Silberberg & Knupp LLP

10

of the action[]" and plaintiff did not allege *how* defendants' actions were fraudulent) (quoting *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1116 (W.D. Wash. 2010)) (emphasis added); *see also Giddings v. Vison House Prod., Inc.*, No. CV05-2963-PHX (MHM), 2007 WL 2274800, at *3 (D. Ariz. Aug. 7, 2007) (holding that plaintiff's fraud claim was preempted by copyright law because plaintiff's alleged misrepresentation–a required element of a fraud claim– "must be based on a core of allegations dissimilar from those on which the copyright infringement claim is based[,]" which it was not); *McCormick v. Sony Pictures Ent.*, No. CV07-05697-MMM(PLAX), 2008 WL 11336160, at *10 (C.D. Cal. Nov. 17, 2008) (dismissing fraud claims where plaintiff failed to "allege a representation that constituted an 'extra element' beyond SPE's allegedly infringing use of [plaintiff's] screenplay[,]" making such [fraud] allegations preempted by the Copyright Act).  Plaintiff has done no such thing.  Plaintiff's fraud claim should thus be dismissed.

### 2.    Even If Plaintiff's Fraud Claim Is Not Preempted by the Copyright Act, Plaintiff's Claim Fails as a Matter of Law

As Plaintiff's fraud claim is preempted by the Copyright Act, there is no need to analyze whether Plaintiff has established a prima facie case for fraud.  Nonetheless, even if Plaintiff's fraud claim is not preempted by the Copyright Act, Plaintiff's claim fails as a matter of law because Plaintiff has failed to allege the elements to establish a claim of fraud.

To analyze a claim grounded in fraud, courts look to state law.  *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1105-06 (9th Cir. 2003).  Under California state law, the elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Dix v. Nova Benefit Plans, LLC*, No. 14-cv-08678-AB, 2015 WL 12859221, at *5 (C.D. Cal. Apr. 28, 2015).  Further, regardless of the way a

particular claim is classified (*i.e.*, whether it is called "unfair competition" or common law fraud, or fraud under a certain act), "allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements." *Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th Cir. 2016); *see also Vess*, 317 F.3d at 1102 (the Federal Rules of Civil Procedure apply in federal court, "irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.") (internal quotations omitted).  As noted above, Rule 9(b) requires a party to plead the circumstances of the fraud–the aforementioned elements required to establish fraud–with "particularity."  Fed. R. Civ. P. 9(b); *see also Vess*, 317 F.3d at 1106 (stating that a plaintiff alleging fraud against a defendant must allege "the who, what, when, where and how" of the allegedly fraudulent action) (internal citations omitted).

Plaintiff's fraud claim begins with the bare allegation that Vubiquity "on or about June of 2019, … knowingly made false representations that [Vubiquity] was going to use the Martial Universe episodes for due diligence and technical assessment [then] proceeded to unlawfully upload[] and transmit the content on the iTunes platform" then "falsely attribute[d] ownership of the content to Plaintiff." FAC ¶¶ 78, 84.  Plaintiff, however, fails to allege, for example, to *whom* the alleged representation was stated, *what* specifically was stated, *when* it was stated, *where* it was stated, or *how* it was communicated.  *Vess*, 317 F.3d at 1106.  Even if Plaintiff's claim that the alleged representation was made "on or about June of 2019," the "when" is not pleaded with *particularity* and the nature of these supposed representations is nonexistent in Plaintiff's pleading.  FAC ¶ 78.  This bare allegation does not comply with Rule 9(b)'s pleading with "particularity" requirement.  Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (dismissing purchaser's fraud claim against seller for lack of particularity in pleading).

Mitchell
Silberberg &
Knupp LLP

13947256.7/51251-00001

12

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Plaintiff also claims that Vubiquity "fraudulently … (i) generated images from the Mar[t]ial Universe series, (ii) uploaded and transmitted such generated images to the iTunes platform for purposes of selling the Martial Universe series and episodes on iTunes; (ii) knowingly provided false copyright ownership and release date information with the intent to enabling the sale of the Martial Universe series and episodes on iTunes and induce the public to purchase and download the content, (iii) priced the sale of all 60-episodes on the platform and the series at drastically reduced non-premium rates, and (iv) failed to price differentiate between high definition and standard definition content." FAC ¶ 81. Putting aside the fact that the allegations fall within the scope of the copyright claims, Plaintiff's allegations are riddled with holes. For example, Plaintiff again fails to state with *particularity* to *whom* this alleged fraudulent information was provided, *when* it was provided, or *how* it was provided. Even if Plaintiff did plead these factors with particularity, Plaintiff's fraud claim would still fail because Plaintiff has not alleged, nor has any basis to allege, that Vubiquity intended to defraud Plaintiff at the time an alleged fraud was committed or intended to induce reliance by any party on a knowingly false representation at the time the allegedly false representation was made. *See Sukonik v. Wright Med. Tech., Inc.*, No. 14-cv-08278-BRO, 2015 WL 10682986, at *15 (C.D. Cal. Jan. 26, 2015) (mere allegations that a defendant made statements with the "intent to defraud and deceive" and thereafter "induce" a plaintiff to act a certain way does not plead facts sufficient to establish intent); *see also McCormick v. Sony Pictures Ent.*, 2008 WL 11336160, at *8 ("[j]ust as his passing reference to 'fraud' is insufficient, McCormick's mention of an 'intentional misrepresentation' is inadequate to plead a fraud … claim."). Plaintiff has made no connection between its allegation that Vubiquity intended to "induce the public to purchase and download the content" and any "justifiable reliance" the public made on this alleged intention, nor does Plaintiff connect the dots between the claimed acts and the purported impact on the

Mitchell
Silberberg &
Knupp LLP

13947256.7/51251-00001

13

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

public.  FAC ¶ 81; *see, e.g.*, *Dix*, 2015 WL 12859221, at *5 (dismissing plaintiff's fraud claim as a matter of law, with prejudice, because plaintiff failed to show causation and justifiable reliance); *see also Sukonik*, 2015 WL 10682986, at *15 (C.D. Cal. Jan. 26, 2015) ("Because Plaintiff has not set forth any facts demonstrating that he or his physician actually saw or read the marketing materials, discussed them together, and accordingly relied on them in choosing the Profemur hip implant, the Court cannot reasonably conclude that the materials 'played a substantial part' in the decision to use a Profemur hip device"; motion to dismiss granted).  Plaintiff alleges only that Vubiquity made the Series available to iTunes and that some people evidently watched some episodes.  Accordingly, the claim fails.

E.   **Plaintiff Fails to Meet the Pleading Test for Its Preempted Section 17200 Claim**

Plaintiff claims "unlawful, unfair and fraudulent business practices" under California Business and Professions Code § 17200 Unfair Competition Law ("UCL" or "§ 17200").  FAC ¶¶ 92, 99.  For similar reasons that its fraud claim fails, Plaintiff's § 17200 claim fails.  To establish a § 17200 claim, a party must establish an underlying violation of law.  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993); *see also Kearns*, 567 F.3d at 1127 (stating each prong of § 17200 "is a separate and distinct theory of liability").  Analyzing Plaintiff's claims of "unlawful" practices, "unfair" practices and "fraudulent" practices separately, it becomes clear that Plaintiff's claims are insufficient to withstand the requisite elements of each claim.

First, "to the extent that a claim for unfair competition is not qualitatively different from a copyright claim, it is preempted by federal copyright law." *Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1030 (C.D. Cal. 2007); *see also Trenton v. Infinity Broad. Corp.*, 865 F. Supp. 1416, 1428 (C.D. Cal. 1994) (plaintiff's fraud claim under Cal. Civ. Code 17200 dismissed because it was not

"qualitatively different from" its copyright infringement claim, and thus preempted by the Copyright Act).  As Plaintiff's claim entirely relies on its copyrights (*i.e.*, relies on the allegation that Vubiquity "unlawfully and without permission uploaded and transmitted copyrighted content"), Plaintiff's claim is preempted by the Copyright Act.  FAC ¶ 93; *Hemlock Hat Co., Inc.*, 2020 WL 7013585, at *5 (holding that the plaintiff had no claim under UCL because its UCL claim was "based entirely upon [the p]laintiff owning a common law copyright of the Design[, therefore making the nature of the claim] not qualitatively different from its copyright infringement claim, and thus preempted by the Copyright Act.").

Plaintiff further broadly claims that Vubiquity "unlawfully … priced the sale of all 60-episodes on the platform" below value, without any indication as to what it believes the price should have been versus what the price was, compared to how other similarly situated episodes are priced.  FAC ¶ 93.  Plaintiff then claims that the "low ratings caused by [Vubiquity's] unlawful sale of all episodes … has rendered the content ineligible for placement on the iTunes pre-orders charts," without alleging any connection between Vubiquity's supposed actions and Plaintiff's low ratings.  FAC ¶ 98.  The particular pricing was not alleged in and of itself to be unlawful, nor was the claimed absence of marketing to Plaintiff's satisfaction a violation of any law;  what Plaintiff claims was unlawful was the delivery of the Series to iTunes and its "unlocking" that allowed some iTunes customers to download episodes from the Series.  Accordingly, because the §°17200 claim is yet another way of alleging a claim for copyright infringement, and because it also fails to identify anything independently unlawful, unfair, or fraudulent, it fails twice-over.

### F.   <u>To The Extent Plaintiff Alleges Infringement Resulting from Download by Users, the Copyright Infringement Claim is Barred</u>

Plaintiff recites in vague fashion a broad list of various types of copyright infringement.  FAC ¶¶ 34-42.  However, to the extent that Plaintiff claims that it

1   was injured by the fact that the series was made available on the iTunes platform,

2   the claim fails, as section 106 of the Copyright Act does not encompass Plaintiff's

3   "making available" theory of copyright infringement.  17 U.S.C. § 106.

4       To claim copyright infringement, a plaintiff must establish: 1) ownership of

5   the infringed material; and 2) the defendant violated at least one exclusive

6   copyright.  *Id.*; *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir.

7   2011); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017).  This

8   "exclusive copyright" could be the right "to reproduce, prepare derivative works;

9   distribute; perform; display; and perform by means of a digital audio

10  transmission…."  *SA Music, LLC v. Amazon.com, Inc.*, No. 20-cv-00105-BAT,

11  2020 WL 3128534, at *3 (W.D. Wash. June 12, 2020), *reconsideration denied*,

12  No. 20-cv-00105-BAT, 2020 WL 3798935 (W.D. Wash. July 7, 2020), and *motion

13  to certify appeal denied*, No. 20-cv-00105-BAT, 2020 WL 4501518 (W.D. Wash.

14  Aug. 5, 2020).

15      Under the meaning of § 106, "to distribute" does not have an ordinary

16  meaning, but means to "give [a product] out or deliver" it to someone (*e.g.*, in a

17  sale), not simply to make the copyrighted work available for others.  *See SA Music*,

18  2020 WL 3128534, at *1 (citing 17 U.S.C. § 106) (granting defendant's motion to

19  dismiss copyright infringement claim grounded in defendant "making available"

20  for sale unauthorized copies of plaintiff's copyrighted work).  Merely offering a

21  copyrighted work for sale does not violate the copyright owner's exclusive right to

22  distribute.  *See id.* at *4 ("[B]ecause downloading from a digital music store . . .

23  occurs only after the customer pays for the download, the distribution requirement

24  of § 106(3) is not satisfied simply by making the copy available for sale.").

25      Plaintiff recites a laundry list of various types of infringement from Section

26  106.  However, the facts it alleges are that Plaintiff gave Vubiquity the Series,

27  which was uploaded to iTunes and then unlocked, which resulted in some iTunes

28  customers downloading some episodes of the Series.  FAC ¶¶ 38-39.  Accordingly,

Mitchell
Silberberg &
Knupp LLP

16

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

1   the fact that the Series was available does not, in and of itself, lead to liability. *SA*

2   *Music, LLC v. Amazon.com, Inc.*, No. 20-cv-00579-BJR, 2021 WL 243430, at *1

3   (W.D. Wash. Jan. 25, 2021) (agreeing with Amazon that simply "making

4   available" copyrighted works "—regardless of whether anyone purchased those

5   recordings—is not a right granted exclusively by the Copyright Act, and thus not

6   one Plaintiffs may properly assert here."). Plaintiff's FAC identifies that the Series

7   was made available, but it does not state what episodes from the Series were

8   downloaded or by whom, which makes it unclear what acts have occurred that

9   infringe.

10      Moreover, to the extent anyone streamed any video content, any direct

11   infringement claim is barred by Ninth Circuit law. *See Fox Broad. Co. v. Dish*

12   *Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014) (although platform provides

13   content and discretion in playback and copying, no direct infringement where users

14   chose what to play back); *see also Cartoon Network LP, LLLP v. CSC Holdings,*

15   *Inc.*, 536 F.3d 121, 131 (2d Cir. 2008) (customers acted with volition required to

16   constitute direct infringement). Accordingly, to the extent Plaintiff's copyright

17   infringement claims extend beyond the claim that Vubiquity's delivery of the

18   Series to iTunes was unauthorized, any such claims should be dismissed.

19  **IV.   CONCLUSION**

20      For the foregoing reasons, Vubiquity respectfully requests that the Court

21   grant the Motion and dismiss the claims in Plaintiff's FAC as noted above, with

22   prejudice. Plaintiff has had an opportunity to address the issues in its initial

23   complaint and not only failed to do so in its FAC, but it cannot legally overcome

24   the legal deficiencies in its add-on claims arising under the Lanham Act, DMCA,

25   and various state and common laws.

26      To the extent that the aforementioned claims are dismissed, the requests for

27   damages other than actual damages under 17 U.S.C. § 504(b), including incidental,

28   consequential, and punitive damages, as well as attorney's fees and costs, should

Mitchell
Silberberg &
Knupp LLP

17

1  similarly be stricken, as such damages are not available for previously unregistered

2  works under the Copyright Act.  17 U.S.C. § 412.

3

4  DATED: February 17, 2022              MITCHELL SILBERBERG & KNUPP LLP

5

6                                        By:    */s/ Eleanor M. Lackman*

7                                               Eleanor M. Lackman
                                               Attorneys for Defendant
8                                               Vubiquity Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

13947256.7/51251-00001

18

**DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**