UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:21-cv-09589-AB-KS | Date: | November 21, 2022 |
| Title: | LIVN Worldwide Ltd. v. Vubiquity, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings:**  [In Chambers] ORDER **GRANTING** MOTION TO DISMISS SECOND AMENDED COMPLAINT [Dkt. No. 36]

Before the Court is Defendant Vubiquity Inc.'s ("Defendant") Partial Motion to Dismiss Second Amended Complaint ("Mot.," Dkt. No. 36). Plaintiff LIVN Worldwide Ltd. ("Plaintiff") filed an opposition (Dkt. No. 39), and Defendant filed a reply (Dkt. No. 40). The Court **GRANTS** the Motion.

## I. BACKGROUND

This action arises out of the parties' failed attempt to negotiate a distribution agreement. In summary, Plaintiff alleges that it is the exclusive licensee authorized to distribute and sell a 60-episode series referred to as the Martial Universe Series ("Series"). *See* Second Amended Compl. ("SAC," 33) ¶¶ 11, 12. Plaintiff and Defendant were negotiating a contract for Defendant to distribute the Series on iTunes. During the negotiations, Plaintiff provided Defendant with the Series for technical review. SAC ¶ 13. The negotiations failed. *Id.* ¶ 22. However, in August 2020, about a year after the negotiations failed, Plaintiff discovered that Defendant was distributing and selling all episodes of the Series on the iTunes platform and

had been doing so for at least 12 months. *Id.* ¶28. This was without authorization or license from Defendant. *Id.* Plaintiff filed this action, asserting claims for copyright infringement and related claims against Defendant.

This Order presumes familiarity with the Court's prior Order ("Order," Dkt. No. 31) granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. In that Order, the Court granted Defendant's Motion to Dismiss all six claims in Plaintiff's FAC other than part of its first claim for Copyright Infringement. As relevant, the Court granted Plaintiff leave to amend only its two state-law claims for Fraud and for Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*. *See* Order p. 15.

Plaintiff thereafter filed its Second Amended Complaint asserting claims for Copyright Infringement, Fraud, and Violation of § 17200. Defendant now moves to dismiss the Fraud and § 17200 claims, arguing that Plaintiff's additional allegations do not cure the deficiencies the Court identified in the Order.[1]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017);

---

[1] The Court **DENIES** Defendant's Request for Judicial Notice (Dkt. No. 37) because the material filed is not relevant to the Court's resolution of the Motion.

*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In addition, Rule 9(b) imposes a heightened pleading requirement for claims sounding fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To plead with particularity, a plaintiff must include "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

### III.   DISCUSSION

The Court has reviewed Plaintiff's Second Amended Complaint and the parties' briefing on the Motion and concludes that Plaintiff's claims for Fraud and Violation of § 17200 still fail for the same reasons discussed in the prior Order: they are preempted by the Copyright Act.

17 U.S.C. § 301(a) provides that "exclusive rights within the general scope of copyright . . . or equivalent right in any such work under the common law or statutes of any State" are preempted by the Copyright Act. 17 U.S.C. § 301(a). The Ninth Circuit has articulated a two-part test to determine whether a state law claim is preempted by copyright law. Under this test, the state law claim is preempted if (1) the content of the protected right falls within the subject matter of copyright, as described in 17 U.S.C § 102, and (2) the right asserted under state law is equivalent to the exclusive rights contained in section 106 of the Copyright Act. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).

First, the subject matter of the Copyright Act includes "motion pictures and other audiovisual works" as protectable works of authorship. 17 U.S.C. § 102(a). As before, Plaintiff's Fraud and § 17200 claims concern a television series, which is a "motion picture[ or] other audiovisual work[]." *Id.* Thus, the content of the protected right at issue falls within the subject matter of copyright. Plaintiff does not dispute this first part of the pre-emption test.

The parties' dispute focuses on the second part of the pre-emption test—the equivalent rights part. When "[i]n effect," a plaintiff's state law claim concerns "a question of control over the distribution, display or performance of" a work fixed in a tangible medium of expression, that claim is preempted by the Copyright Act. *Aronson v. Dog Eat Dog Films, Inc.*, 738 F.Supp.2d 1104, 1116 (W.D.Wash.

2010). When a plaintiff's claim is based "on defendant's use of copyrighted material—that is, the reproduction, performance, distribution, or display of the work—the claim is preempted." *McCormick v. Sony Pictures Ent.*, No. CV0705697MMMPLAX, 2008 WL 11336160, at *9 (C.D. Cal. Nov. 17, 2008). "To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action." *Aronson*, 738 F.Supp.2d at 1116.

Here, Plaintiff argues that its Fraud claim relies on the following extra elements: that Defendant misrepresented that it would not further upload or unlock the content of the Series without an executed agreement, that Plaintiff provided the Series to Defendant in reliance on these representations, but Defendant made the Series available despite the lack of an agreement, set its own prices and added false release date and other data to the Series, and did no marketing for it. *See* Opp'n pp. 3-4 (summarizing fraud claim). These allegations are either not meaningfully different from Plaintiff's claim for copyright infringement, or they do not state a claim for fraud.

While a fraud cause of action requires proof of misrepresentation, "[i]n order to survive preemption, the misrepresentation must be based on a core of allegations dissimilar from those on which the copyright infringement claim is based." *McCormick*, 2008 WL 11336160, at *9. Here, the "core" alleged misrepresentation was that Defendant would not reproduce, etc., the Series without Plaintiff's permission, yet Defendant did so; those core allegations are not meaningfully different from Plaintiff's claim for copyright infringement. Plaintiff also makes some allegations regarding Defendant's pricing and failure to market the Series, but Plaintiff has alleged no facts showing that Defendant engaged in fraud relative to that conduct.

Thus, Plaintiff's fraud claim alleges conduct that is either preempted because it shares the same core allegations as Plaintiff's copyright infringement claim, or conduct that is not fraudulent. The fraud claim therefore fails.

Plaintiff's § 17200 claim also fails again. Plaintiff says that its § 17200 claim "alleges all the same facts as in its fraud claim, but highlights that Defendant knowingly engaged in unfair business practices, as Defendant had to manufacture additional information and content to make the Martial Universe Content available on iTunes, like pricing information and episodic screen shots. [SAC] at ¶107-109. Defendant further falsely represented data related to the Martial Universe Content—like release date and first air date—and incorrectly listed LIVN as the

copyright holder. *Id.* at ¶106." *See* Oppn 4:28-5:6.

"[T]o the extent that a claim for unfair competition is not qualitatively different from a copyright claim, it is preempted by federal copyright law." *Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1030 (C.D. Cal. 2007). Thus, insofar as the §17200 claim is based on "all the same facts as [the] fraud claim," it is preempted just like the fraud claim is. Plaintiff's extra allegations concerning pricing, manufacturing additional content, and using false release and air date data are are insufficient to sustain an independent §17200 claim: Plaintiff has not explained how such allegations add up to a § 17200, and furthermore, such allegations are either part and parcel of the copyright infringement claim, or go to damages for that claim.

Accordingly, the § 17200 claim is preempted and otherwise insufficiently pled and must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's claims for Fraud and for Violation of Cal. Bus. & Profs. Code §17200 are preempted and otherwise fail to state a claim. Defendant's Motion to Dismiss these claims is therefore **GRANTED**.

As this is Plaintiff's third attempt to plead these claims, the Court finds that any further amendment would be futile and therefore **DISMISSES** these claims without leave to amend.

**IT IS SO ORDERED**.