**AVYNO LAW P.C.**
Jennifer H. Hamilton, Esq. (SBN 220439)
Email: jhh@avynolaw.com
Jan A. Sundberg, Esq. (SBN 169186)
Email: jas@avynolaw.com
Shawn B. Hussain, Esq. (SBN 315872)
Email: sbh@avynolaw.com
6345 Balboa Blvd., Suite 312, Building I
Encino, CA 91316
Tel.: (818) 654-8840
Fax: (818) 332-4205

Attorneys for Plaintiff LIVN Worldwide Ltd.

**MITCHELL SILBERBERG & KNUPP LLP**
Eleanor m. Lackman, Esq. (SBN 298594)
eml@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Defendant Vubiquity Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| LIVN Worldwide Ltd., a Mauritius limited company,<br>　　　　　Plaintiff,<br>　　vs.<br>Vubiquity Inc., a Delaware corporation; and DOES 1 through 10, inclusive,<br>　　　　　Defendants. | **CASE NO.: 2:21-cv-09589-AB-KS**<br>Honorable André Birotte Jr.<br>**JOINT RULE 26(f) REPORT**<br>**Schedule Conference**<br>Date:　January 13, 2023<br>Time:　10:00 a.m.<br>Crtrm:　 7B |

1

JOINT RULE 26(f) REPORT

Through their attorneys of record who are set forth below, Plaintiff LIVN Worldwide Ltd., ("Plaintiff") and Defendant Vubiquity Inc. ("Defendants") submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedure 16(f), Central District Local Rule 26-1, and the Court's Order setting a Scheduling Conference.

## I. SUMMARY OF THE LITIGATION

a. Statement of the Case:

Plaintiff's Contentions:

Plaintiff has brought an action for copyright infringement. Plaintiff and Defendant are not strangers. In 2018, Plaintiff contracted with Defendant for various content, under which Defendant paid Plaintiff a flat-rate license fee for each piece of content, for a limited license to distribute and sell such content in certain emerging markets. For all previous content, Defendant paid Plaintiff a flat-rate, up-front license fee for such rights.

In the summer of 2019, Plaintiff and Vubiquity were in negotiations pertaining Plaintiff licensing Vubiquity certain content, including but not limited to 60 episodes of Martial Universe, for distribution on iTunes. Plaintiff and Vubiquity never reached an agreement and the parties ceased negotiations near the end of July 2019.

Plaintiff's claims are based upon the fact that Defendant, without Plaintiff's permission, or any rights or license, prepared, uploaded and distributed the 60 episodes of Martial Universe (a high quality martial arts series) on iTunes. Further, without Plaintiff permission, Defendant established a sale price for each season and each episode of Martial Universe on iTunes, uploading content images for the series and creating and uploading artwork for each episode.

Plaintiff also provided false and inaccurate information regarding the release date, copyright owner information and the first air date of each episode, which dates presumably coincides with the date that Defendant unlocked Martial Universe for

sale on iTunes. Defendant unlawfully and without permission uploaded and unlocked all 60-episodes of Martial Universe on the iTunes platform for at least 12 months, without authorization or license from Plaintiff, for sale to consumers to purchase, stream and/or download, and said content was sold and distributed. Defendant intentionally and willfully ignored Plaintiff's copyright and ownership rights in the Martial Universe content.

Defendant, to gain rating and status position on iTunes, made the Martial Universe premium content for sale on iTunes and left it there for over a year. This benefited Defendant in its compliance requirements for maintaining its Preferred Plus provider status on iTunes.

Defendant's Contentions:

In the summer of 2019, Plaintiff and Vubiquity were in negotiations pertaining to certain content. Concurrently, and with Plaintiff's consent and knowledge, and with the hope that the parties would be able to complete their agreement, Plaintiff's material was processed so that it could be made available. However, due in part to Plaintiff's unreasonable demands for marketing costs and other material risks placed on Vubiquity pertaining to content that was not expected to perform as Plaintiff would have hoped, the negotiations broke down.

The issue in this case arose when, in the process of preparing Plaintiff's previously-released "Martial Universe" series[1] (the "Series") for public access via iTunes during the negotiations discussed above, an unexpected technological error—having nothing specifically to do with the Series—caused the Series,

---

[1] Sixty episodes of the Series (presumably the same 60 that Plaintiff claims here) were released on Amazon.com, mostly throughout August 2018, and beginning as early as August 5, 2018, for digital delivery. *See* Defendant's Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, Ex. A (ECF No. 37). Available information indicates that the Series performed poorly, and as of August 18, 2022, the Series amassed 30 total viewer reviews and a collective three out of five star rating. *See id.*

unbeknownst to Vubiquity until identified to it months later, to be available to the public. Upon discovery of this unintended unlocking of the Series, Vubiquity took immediate action to have the Series disabled. Fortunately, during the entire period there were only eight total transactions relating to the Series material that was put in buyers' Apple "lockers," which transactions led collectively to just approximately $106.32 in revenue—which under the parties' negotiated split would be 65% to Plaintiff—and negative profits in light of the investments Vubiquity undertook at Plaintiff's request.

Vubiquity denies Plaintiff's allegations of willful copyright infringement. Plaintiff will bear the burden of proving willful infringement to the Court. *Fabric Selection, Inc. v. Manjeet Int'l, Inc.*, No. 217CV02353ODWKS, 2018 WL 1804681, at *8 (C.D. Cal. Apr. 16, 2018) (copyright holder's burden to prove willful infringement). Nonetheless, willfulness has no relevance to the measure of actual damages under Section 504 of the Copyright Act.

Even if Plaintiff were able to meet their burden of proving volitional copyright infringement, Plaintiff's relief would be limited to actual damages. Plaintiff is not entitled to statutory damages or attorney's fees under the Copyright Act because Plaintiff failed to register the claimed work with the U.S. Copyright Office prior to the alleged acts of infringement (if the works were ever registered at all). 17 U.S.C. § 412; *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701-02 (9th Cir. 2008); *Martin v. Walt Disney Internet Grp.*, No. 09CV1601-MMA, 2010 WL 2634695, at *4 (S.D. Cal. June 30, 2010) (dismissing claims for statutory damages and attorneys' fees under the Copyright Act because defendants' alleged infringement occurred before the date of publication); *see also Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1025–26 (N.D. Cal. 2003) (similar). Notably, however, if Vubiquity prevails, it is entitled to its attorney's fees. It likewise reserves its right to seek its attorney's fees pertaining to the already-dismissed Lanham Act claims pursuant to 15 U.S.C. § 1117(a).

It is clear than any actual damages available under 17 U.S.C. § 504(b) would be negligible. Not only did the parties already have an agreed-upon payment structure in place at the time (with no special "debut" fee or other uplift), Plaintiff's contention that the alleged iTunes release caused Plaintiff measurable harm such that it would be available under Section 504(b), is independently unsupported. Such damages cannot be speculative or based on conjecture. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004) (damages awards may not be based on "undue speculation"). Moreover, the facts fail to bear out the theory: such a making available could not have spoiled the claimed work's streaming debut as the claimed work was already available for streaming purchases on Amazon.com – one of the world's largest online retailers. *See* Defendant's Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, Ex. A (Amazon.com screengrab showing the claimed work's availability on Amazon.com as early as August 5, 2018). In addition, pricing information and attendant artwork and images were previously made available for public viewing by online consumers. Thus, the premise on which Plaintiff's conjectural damages claims relies is objectively unsupported.

b. <u>Subject Matter Jurisdiction</u>:

Neither party disputes this Court's subject matter jurisdiction.

c. <u>Legal Issues</u>:

Plaintiff's Contentions:

It is clear that Defendant violated Plaintiff's copyright and ownership rights when it uploaded, distributed and sold the Martial Universe content on iTunes. The main legal issue in this matter is damages. Plaintiff price Martial Universe at $25,000 per episode for distribution on iTunes.

Defendant's Contentions:

As stated above, Plaintiff is not entitled to statutory damages or attorney's fees under the Copyright Act because Plaintiff failed to register the claimed work


JOINT RULE 26(f) REPORT

prior to the alleged acts of infringement. 17 U.S.C. § 412. Further, Plaintiff's claimed actual damages are based on impermissible undue speculation. *See Polar Bear Prods., Inc.*, 384 F.3d at 709 (9th Cir. 2004). Given that $1,500,000 for purchase of content by no more than eight people is unsupported, not to mention objectively unreasonable both within the context of the parties' negotiation and as a matter of industry and actual fact, the only credible available amount of damages is $106.32, minus any deductions Vubiquity may show. And this assumes that Plaintiff is able to show that the alleged infringement resulted from Vubiquity's volitional conduct, which the evidence will show it was not; any volitional steps were taken with Plaintiff's approval and authority.

d. Parties, Evidence, etc.

The parties do not currently anticipate the inclusion of additional parties.

Plaintiff's Contentions:

Plaintiff, LIVN Worldwide Ltd. is a Mauritius limited company. As stated above Plaintiff and Defendant have done business in the past, where Plaintiff has licensed content to Defendant for distribution for a flat fee. Plaintiff has evidence that Defendant was provided the Martial Universe content and that it distributed said content on iTunes, without a license or Plaintiff's approval. Plaintiff needs Defendant to produce documents and provide deposition testimony on exactly what occurred when Defendant illegally distributed and sold the Martial Universe content on iTunes.

Defendant's Contentions:

Vubiquity will seek discovery related to the prior distribution of the claimed work, including the Series' performance in the marketplace via Amazon and potentially other places, and the amount of money earned by Plaintiff per view/download of the Series. Vubiquity will also seek discovery concerning the Plaintiff's claims as to the value of the claimed work and Plaintiff's actual damages. Vubiquity reserves the right to pursue discovery on other permissible

topics.

  e.  <u>Damages</u>:

<u>Plaintiff's Contentions</u>:

Plaintiff has lost at least $1,500,000 in revenue from Defendant's illegal conduct ($25,000 per episode x 60).

<u>Defendant's Contentions</u>:

Plaintiff's share of lost revenue from the inadvertent availability of the Series on iTunes for a short time is in the two figures (i.e., a lost license fee); Plaintiff's theory that it can use this opportunity to seek a windfall is unsupported by law and fact. Indeed, such a making available could not have spoiled the claimed work's streaming debut as the claimed work was already available for streaming purchases on Amazon.com – one of the world's largest online retailers. *See* Defendant's Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, Ex. A. All evidence thus far seems to indicate that the Series performed poorly when it launched roughly a year before discussions with Vubiquity, and Plaintiff appears to be seeking to capitalize on a literal technicality in order to seek revenues that it knows it never would have received. Indeed, Plaintiff cannot dispute that there was only $106 in revenue in total relating to eight sporadic transactions. In short, Plaintiff's claimed damages are wildly and impermissibly speculative. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004) (damages awards may not be based on "undue speculation").

  f.  <u>Insurance</u>:

<u>Plaintiff's Contentions</u>:

To Plaintiff's knowledge there is no insurance coverage in this matter.

<u>Defendant's Contentions</u>:

Based on the claims in this case, there is no insurance coverage that would cover this matter.

7

JOINT RULE 26(f) REPORT

g. Motions/Dispositive Motions:

The parties anticipate filing summary judgment motions and cross-motions regarding all issues of liability and damages.

The parties propose that the last day to file dispositive motions shall be thirty (30) days after the close of expert discovery.

h. Manual for Complex Litigation:

The parties agree that the procedures of the Manual for Complex Litigation should not be used.

i. Status of Discovery:

The parties have voluntarily exchanged some documents, but no formal discovery has been conducted in this matter.

j. Discovery Plan:

The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues. Discovery is anticipated on the claims and affirmative defenses pled in this litigation. This case has claims of copyright infringement, with equitable and legal affirmative defenses.

The parties anticipate serving initial interrogatories, document requests and/or admission requests. The parties also anticipate taking depositions of all parties, expert witnesses and some non-parties.

k. Discovery Cut-off:

Plaintiff's Proposal:

Fact discovery can be completed by September 29, 2023.

Defendant's Proposal:

Fact discovery can be completed by Monday, June 15, 2023.

l. Expert Discovery:

Plaintiff's Contentions:

Expert witness(es) for which the party bears the burden of proof shall be disclosed by August 4, 2023, and depositions of those witness(es) shall occur no

1 later than September 22, 2023. Response Expert witness(es) shall be disclosed on
2 or before October 6, 2023, and depositions of those witness(es) shall occur no later
3 than 14 days after receipt of such disclosure.

4       Defendant's Contentions:

5       Expert witness(es) for which the party bears the burden of proof shall be
6 disclosed by Friday, May 8, 2023, and depositions of those witness(es) shall occur
7 no later than Friday, June 9, 2023. Rebuttal expert witness(es) shall be disclosed on
8 or before July 10, 2023, and depositions of rebuttal expert witness(es) shall occur
9 no later than 14 days after receipt of such disclosure.

10       m. Settlement Conference/ Alternative Dispute Resolution ("ADR"):

11       The parties have had substantive discussions to date. In light of the
12 extremely low value of this case, Vubiquity presently intends to serve an offer of
13 judgment and/or offer of compromise in short order. (As stated above, Plaintiff
14 contends that its damages are at a minimum $1,500,000, caused by Defendant's
15 intentional conduct) If settlement cannot be reached by Friday, April 28, 2023, the
16 Parties propose ADR Procedure No. 1 under Local Rule 16-15.4 (settlement
17 conference before the Magistrate Judge). Plaintiff requests that a person with
18 settlement authority be permitted to attend by Zoom or equivalent on behalf of each
19 of the parties. Vubiquity believes that an effective settlement conference requires
20 appearances in person or at least by video and therefore requests that any such
21 conference be held in-person or over Zoom or equivalent.

22       n. Trial Estimate:

23       Plaintiff's Contentions:

24       Plaintiff proposes a pre-trial conference date of January 26, 2024, and a trial
25 date of February 13, 2024. Plaintiff estimates the trial in this matter to last 3 to 5
26 Court days.

27       Defendant's Contentions:

28       Vubiquity proposes a trial date of Monday, November 6, 2023 and a pre-trial

conference on Monday October 30, 2023. Vubiquity estimates that the trial in this matter will last 2 to 3 Court days.

    o. <u>Trial Counsel:</u>

The attorney(s) who will try the case for Plaintiff are Jan Sundberg, Esq. and/or Jennifer H. Hamilton, Esq. The attorney(s) who will try the case for Defendant are Eleanor M. Lackman, Esq. and Brandon E. Hughes, Esq.

    p. <u>Independent Expert of Master:</u>

The parties agree that none should not be used.

    q. <u>Schedule Worksheet:</u>

See below.

    r. <u>Other issues:</u>

No other issues.

Respectfully submitted,

DATED: December 30, 2022  AVYNO LAW P.C.

By: /s/ Jennifer H. Hamilton
Jennifer H. Hamilton
Jan A. Sundberg
Shawn B. Hussain

Attorneys for Plaintiff LIVN Worldwide Ltd.

DATED: December 30, 2022  MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor M. Lackman
Eleanor M. Lackman

Attorneys for Defendant Vubiquity Inc.

| | | | | |
|---|---|---|---|---|
| **JUDGE ANDRÉ BIROTTE JR.** <br> **SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET** <br> *Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.* <br> ***The Court ORDERS** the parties to make every effort to agree on dates.* | | | | |
| **Case No.** | **Case Name:** | | | |
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date** <br> mm/dd/yyyy | **Def(s)' Date** <br> mm/dd/yyyy | **Court Order** <br> mm/dd/yyyy |
| Check one: [X] Jury Trial or [ ] Court Trial <br> (***Tuesday** at 8:30 a.m., within 18 months after Complaint filed*) <br> Estimated Duration: 3-5 Days | | 02/13/2024 | 11/06/2023 | [ ] Jury Trial <br> [ ] Court Trial <br> _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine <br> (***Friday** at 11:00 a.m., at least 17 days before trial*) | | 01/26/2024 | 10/30/2023 | |
| **Event** [1] <br> *Note:* Hearings shall be on Fridays at 10:00 a.m. <br> Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date** <br> mm/dd/yyyy | **Def(s)' Date** <br> mm/dd/yyyy | **Court Order** <br> mm/dd/yyyy |
| Last Date to *Hear* Motion to Amend Pleadings /Add Parties *[Friday]* | 12 | 11/03/2023 | 8/7/2023 | |
| Non-Expert Discovery Cut-Off <br> **(no later than deadline for *filing* dispositive motion)** | 17 | 09/29/2023 | 7/3/2023 | |
| Expert Disclosure (Initial) | 25 | 08/04/2023 | 5/8/2023 | |
| Expert Disclosure (Rebuttal) | 16 | 10/06/2023 | 7/10/2023 | |
| Expert Discovery Cut-Off | 12[2] | 11/03/2023 | 8/7/2023 | |
| Last Date to *Hear* Motions *[Friday]* <br> • Rule 56 Motion due at least 5 weeks before hearing <br> • Opposition due 2 weeks after Motion is filed <br> • Reply due 1 week after Opposition is filed | 12 | 11/03/2023 | 8/7/2023 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] <br> *Select* one: [X] 1. Magistrate Judge *(with Court approval)* <br> [ ] 2. Court's Mediation Panel <br> [ ] 3. Private Mediation | 10 | 11/17/2023 | 8/21/2023 | [ ] 1. Mag. J. <br> [ ] 2. Panel <br> [ ] 3. Private |
| **Trial Filings (first round)** <br> • Motions In Limine <br> • Memoranda of Contentions of Fact and Law [L.R. 16-4] <br> • Witness Lists [L.R. 16-5] <br> • Joint Exhibit List [L.R. 16-6.1] <br> • Joint Status Report Regarding Settlement <br> • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* <br> • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 01/05/2024 | 10/16/2023 | |
| **Trial Filings (second round)** <br> • Oppositions to Motions In Limine <br> • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] <br> • Joint/Agreed Proposed Jury Instructions *(jury trial only)* <br> • Disputed Proposed Jury Instructions *(jury trial only)* <br> • Joint Proposed Verdict Forms *(jury trial only)* <br> • Joint Proposed Statement of the Case *(jury trial only)* <br> • Proposed Additional Voir Dire Questions, if any *(jury trial only)* <br> • Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 01/12/2024 | 10/23/2023 | |

JOINT RULE 26(f) REPORT

¹ **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. <u>Class actions and patent and ERISA cases in particular may need to vary from the above.</u>**

² **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

## **PROOF OF SERVICE**

I hereby certify that on December 30, 2022, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

Dated:  December 30, 2022                    /s/Rebecca Meegan