1  ELEANOR M. LACKMAN (SBN 298594)
       eml@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
3  Los Angeles, CA 90067
   Telephone:   (310) 312-2000
4  Facsimile:   (310) 312-3100

5  Attorneys for Defendant Vubiquity Inc.

6

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11  LIVN Worldwide Ltd., a Mauritius       CASE NO. 2:21-cv-09589-AB-KS
    limited company,
12                                          Honorable André Birotte Jr.
              Plaintiff,
13                                          **VUBIQUITY INC.'S ANSWER TO**
          v.                                **PLAINTIFF'S SECOND AMENDED**
14                                          **COMPLAINT**
    Vubiquity Inc., a Delaware corporation;
15  and DOES 1 through 10, inclusive,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27
Mitchell
Silberberg &
Knupp LLP
28

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

1    Defendant Vubiquity Inc. ("Vubiquity"), by and through its undersigned

2    counsel, submits the following Answer and Affirmative Defenses ("Answer") to

3    the Second Amended Complaint ("SAC") of plaintiff LIVN Worldwide Ltd.

4    ("Plaintiff"), ECF No. 33.  All allegations not expressly admitted herein are

5    denied.  Vubiquity alleges as follows:

6    **PARTIES**

7    1.    Vubiquity lacks sufficient knowledge or information to admit or deny

8    paragraph 1, and on that basis, it is denied.

9    2.    Admitted to the extent that Vubiquity is a Delaware limited liability

10   company set up under the General Corporation Law of the Commonwealth of

11   Delaware with a corporate office in California.

12   3.    Vubiquity lacks sufficient knowledge or information to admit or deny

13   paragraph 3, as it speaks to Plaintiff's awareness or lack thereof, and on that basis,

14   it is denied.

15   4.    With respect to paragraph 4, Vubiquity specifically avers that no

16   response is required to the allegations inasmuch as they call for legal conclusions.

17   To the extent a response is required, Vubiquity denies the allegations set forth in

18   paragraph 4.

19   **JURISDICTION AND VENUE**

20   5.    With respect to paragraph 5, Vubiquity contends that no response is

21   required to the allegations inasmuch as they are nonsensical in referring to "subject

22   jurisdiction" and call for legal conclusions, but Vubiquity admits that this Court

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

has subject matter jurisdiction over the remaining claim in this action, for copyright infringement.

6.    Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

7.    With respect to paragraph 7, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity admits that it has offices in California and conducts business in California and, therefore, personal jurisdiction exists. Vubiquity denies the remaining allegations.

8.    With respect to paragraph 8, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity admits that it has offices in this district and conducts business in this district and, therefore, venue therefore is proper.  Vubiquity denies the remaining allegations.

9.    With respect to paragraph 9, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity denies the allegations.

## **FACTUAL BACKGROUND**

10.    Admitted to the extent that Vubiquity and Plaintiff have done business in the past, but Vubiquity lacks sufficient knowledge or information regarding the

Mitchell
Silberberg &
Knupp LLP

3

various arrangements that paragraph 10 alleges, and therefore Vubiquity denies the remaining allegations.

11.    Admitted to the extent that a subsidiary of Vubiquity and Plaintiff had negotiations concerning the Martial Universe Content in 2019.  To the extent not admitted, denied.

12.    Vubiquity lacks sufficient knowledge or information to admit or deny the remainder of paragraph 12, and on that basis, it is denied.

13.    Admitted to the extent that Plaintiff provided the Martial Universe Content to Vubiquity for technological reasons during the course of the parties' negotiations.  Vubiquity denies the allegations that Vubiquity's CEO was "rushed" and further denies the remaining allegations.

14.    Admitted to the extent that Plaintiff provided the Martial Universe Content to Vubiquity for particular purposes during the course of the parties' negotiations; denied as to the remaining allegations.

15.    Admitted to the extent that Plaintiff provided Vubiquity with subtitles, metadata, and artwork associated with the Martial Universe content.  To the extent it understands it, Vubiquity denies the last sentence of paragraph 15 and denies any remaining allegations of this paragraph.

16.    Admitted to the extent that Vubiquity performed a technical review of The Legend of Hao Lan as part of the authorized processing of the Series during negotiations. To the extent not admitted, denied.

Mitchell Silberberg & Knupp LLP

4

17.     Admitted that Plaintiff authorized and did not object to the delivery of content to iTunes and otherwise refers to the referenced exhibit for the accuracy of its contents.

18.     Admitted to the extent that Vubiquity made certain technical requests concerning the I Will Never Let You Go series but otherwise denied.

19.     Admitted and otherwise refers to the referenced exhibit for the accuracy of its contents.

20.     At this time, Vubiquity lacks sufficient knowledge or information to admit or deny that the referenced email was the "last" email of its kind, and on that basis, denies paragraph 20.

21.     Admitted that such an email was sent and refers to the email for its contents.

22.     Admitted to the extent that negotiations between the parties ultimately ceased and to the extent that Vubiquity did not pay an upfront lump license fee. Vubiquity denies the remaining allegations of paragraph 22.

23.     Denied.

24.     Vubiquity lacks sufficient knowledge or information to admit or deny paragraph 24's allegations as to Plaintiff's beliefs, and on that basis, the allegations in paragraph 24 are denied.

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

25.     Vubiquity lacks sufficient knowledge or information to admit or deny paragraph 25's allegations as to Plaintiff's beliefs, and on that basis, paragraph 25 is denied.

26.     Vubiquity lacks sufficient knowledge or information to admit or deny paragraph 26's allegations as to Plaintiff's beliefs and understanding and as to what Plaintiff received or did not receive, and on that basis, paragraph 26 is denied.

27.     Vubiquity lacks sufficient knowledge or information to admit or deny paragraph 27's allegations as to Plaintiff's beliefs and understanding, and denies the allegations on that basis.  Vubiquity denies Plaintiff's allegations as to "any rights or license."

28.     Vubiquity lacks sufficient knowledge or information to admit or deny paragraph 28's allegations as to when Plaintiff reviewed the Martial Universe content's availability on iTunes, and denies the allegations on that basis. Vubiquity denies Plaintiff's allegations as to "authorization or license."

29.     Vubiquity admits that the Martial Universe content was uploaded to iTunes.  Vubiquity lacks sufficient knowledge or information to admit or deny paragraph 28's allegations as to Plaintiff's knowledge.  Vubiquity denies Plaintiff's allegations as to granting Vubiquity license to make use of the Martial Universe episodes that are at issue.

30.     Denied.

31.     Denied.

Mitchell
Silberberg &
Knupp LLP

6

32.     Vubiquity admits that Martial Universe is a Chinese drama series. Vubiquity lacks sufficient knowledge or information to admit or deny paragraph 32's characterizations as to the quality and popularity of the series or its source material, and denies such allegations and all remaining allegations on that basis.

33.     Vubiquity lacks sufficient knowledge or information to admit or deny paragraph 33's allegations, and denies on that basis.

34.     Vubiquity lacks sufficient knowledge or information to admit or deny paragraph 34's characterizations as to the quality and popularity of the Martial Universe content, and denies such and all other allegations on that basis except as so admitted.  Vubiquity admits that the Martial Universe content has been distributed through online platforms aside from iTunes, including via Amazon.com beginning in 2018.

35.     Vubiquity denies all allegations of unlawful conduct and Plaintiff's characterizations as to Vubiquity's mental state and intent contained in paragraph 35.  Vubiquity admits that some number of episodes of the Martial Universe content were sold through iTunes but denies the remaining allegations contained in paragraph 35.

**FIRST CAUSE OF ACTION
COPYRIGHT INFRINGEMENT**

36.     Vubiquity realleges the foregoing responses to the SAC as if set forth fully herein.

Mitchell
Silberberg &
Knupp LLP

7

37.     With respect to paragraph 37, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity denies the allegations.

38.      With respect to paragraph 38, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity denies the allegations.

39.     With respect to paragraph 39, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity denies the allegations.

40.     Admitted except to the extent the discussions are described as "preliminary," as to which characterization Vubiquity lacks sufficient information to admit or deny and therefore denies.

41.     Admitted to the extent that Plaintiff provided Vubiquity with copies of the Martial Universe content for technological reasons including preparations for release on the iTunes platform; otherwise denied.

42.     Admitted to the extent that negotiations between the parties ultimately stalled or terminated.  Vubiquity contends that the remaining allegations of paragraph 42 require no response inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity denies the allegations.

43.     With respect to paragraph 43, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Mitchell
Silberberg &
Knupp LLP

extent that a response is required, Vubiquity denies the allegations.  Vubiquity expressly denies engaging in any distribution alleged or any conduct that violated the law.

44.     Vubiquity admits that Plaintiff provided Vubiquity with certain artwork related to the Martial Universe series.  To the extent Vubiquity understands its claims, Vubiquity denies the remaining allegations contained in paragraph 44 and refers to the referenced exhibit for its contents.

45.     With respect to paragraph 45, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity denies the allegations.

46.     Denied.

47.     Denied.

48.     Vubiquity admits that some number of the Martial Universe series episodes were purchased.  To the extent any conduct is alleged, Vubiquity expressly denies engaging in any volitional conduct other than that which Plaintiff authorized.

49.     Denied.

50.     With respect to paragraph 50, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity denies the allegations.

51.   With respect to paragraph 51, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity denies the allegations.

52.   With respect to paragraph 52, Vubiquity contends that no response is required to the allegations inasmuch as they call for legal conclusions.  To the extent that a response is required, Vubiquity denies the allegations.

53.   Denied.

54.   Denied.

55.   Denied.

## SECOND CAUSE OF ACTION
## FRAUD

56.   Vubiquity realleges the foregoing responses to the SAC as if set forth fully herein.

57.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

58.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

59.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

60.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

61.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

62.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

63.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

64.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

65.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

66.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

67.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

68.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

69.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

70.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

71.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

72.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

73.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

74.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

75.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

76.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

77.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

78.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

79.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

80.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

81.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

82.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

83.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

84.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

85.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

86.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

14

87.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

88.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

89.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

90.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

91.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

92.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

93.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

94.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

## THIRD CAUSE OF ACTION
## VIOLATION OF BUS. & PROF. CODE § 17200

95.     Vubiquity realleges the foregoing responses to the SAC as if set forth fully herein.

96.      Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

97.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

98.      Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

99.     Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

100.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

101.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

102.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

103.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

104.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

105.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

106.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

107.  Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

108.  Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

109.  Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

110.  Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

111.  Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

112.  Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

113.  Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

18

114.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

115.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

116.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

117.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

118.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

119.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

120.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberg &
Knupp LLP

19

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

121.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

122.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

123.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

124.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

125.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

126.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

127.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

128.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

129.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

130.   Vubiquity contends that, given the Court's Order granting Vubiquity's Motion to Dismiss the SAC, dismissing Plaintiff's state law claims as preempted under federal law, no response is required.

## PRAYER FOR RELIEF

Vubiquity denies that Plaintiff is entitled to the relief requested in its SAC or to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Vubiquity has any burden of proof, Vubiquity asserts the following affirmative and other defenses.  Vubiquity does not presently know all facts and circumstances with respect to Plaintiff's allegations, and thereby reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

Plaintiff's claims are barred for failure to show volitional conduct by Vubiquity that would implicate any rights under 17 U.S.C. § 106.

## SECOND DEFENSE

Mitchell
Silberberg &
Knupp LLP

Plaintiff lacks standing, in whole or in part, to bring the claims and seek the relief against Vubiquity as set forth in the SAC, including but not limited due to the failure to register works first published in the United States, and because Plaintiff is not the legal or beneficial owner of the rights asserted in its copyright infringement claim.

### THIRD DEFENSE

Plaintiff's claims for statutory damages and/or attorney's fees are barred by 17 U.S.C. § 412 for failure to timely register the claimed works.

### FOURTH DEFENSE

Including by virtue of Plaintiff's behavior during its interactions with Vubiquity, the SAC and any claims therein are barred, precluded, and/or limited by the doctrine of waiver.

### FIFTH DEFENSE

Including by virtue of Plaintiff's behavior during its interactions with Vubiquity, the SAC and any claims therein are barred, precluded, and/or limited by the doctrine of estoppel.

### SIXTH DEFENSE

Including by virtue of Plaintiff's behavior during its interactions with Vubiquity, the SAC and any claims therein are barred, precluded, and/or limited by the doctrines of acquiescence and consent.

### SEVENTH DEFENSE

Including by virtue of Plaintiff's behavior during its interactions with Vubiquity, the SAC and any claims therein are barred, precluded, and/or limited by the doctrines of express and/or implied license.

### EIGHTH DEFENSE

Plaintiff's claims fail because the use of images from the works to demonstrate what the works contain is protected, and not actionable, under the doctrine of fair use.

Mitchell Silberberg & Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**NINTH DEFENSE**

The SAC and any purported claims for relief are barred, precluded, and/or limited to the extent the alleged use of any of the material at issue (including but not limited to the use of single images from full-length episodes) constitutes *de minimis* use.

**TENTH DEFENSE**

Plaintiff did not incur any damages.  To the extent Plaintiff did incur any damages, which Vubiquity expressly denies, Plaintiff failed to mitigate its damages including for failure to monitor and report to Vubiquity on the alleged use of the works.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to recover any of Vubiquity's profits because Vubiquity has no profits attributable to the alleged infringement.

**TWELFTH DEFENSE**

Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law and/or the alleged violations have long ceased.

WHEREFORE, Vubiquity respectfully submits that the SAC should be dismissed with prejudice and judgment entered in its favor, and that Vubiquity be awarded its reasonable attorneys' fees and costs incurred in the defense of this action pursuant to 17 U.S.C. § 505.

DATED: January 12, 2023          MITCHELL SILBERBERG & KNUPP LLP

By:  /s/ Eleanor M. Lackman
        Eleanor M. Lackman
        Attorneys for Defendant
        Vubiquity Inc.

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**