1 ELEANOR M. LACKMAN (SBN 298594)
   eml@msk.com
2 BRANDON E. HUGHES (SBN 329947)
   beh@msk.com
3 MITCHELL SILBERBERG & KNUPP LLP
  2049 Century Park East, 18th Floor
4 Los Angeles, CA 90067
  Telephone:  (310) 312-2000
5 Facsimile:   (310) 312-3100

6 Attorneys for Defendant Vubiquity Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LIVN Worldwide Ltd., a Mauritius limited company,<br><br>              Plaintiff,<br><br>       v.<br><br>Vubiquity Inc., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>              Defendant. | CASE NO. 2:21-cv-09589-AB-KS<br><br>Honorable André Birotte Jr.<br><br>**DEFENDANT'S MOTION TO STAY PROCEEDINGS AND TO REQUIRE PLAINTIFF TO PROSECUTE ACTION BY A DATE CERTAIN**<br><br>Date:        October 6, 2023<br>Time:       10:00 a.m.<br>Location:  United States Courthouse,<br>                 Courtroom 7B<br>                 350 W. First Street<br>                 Los Angeles, CA 90012 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on October 6, 2023, at 10:00 a.m., before the Honorable André Birotte Jr. in Courtroom 7B of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012, Defendant Vubiquity, Inc. ("Vubiquity") will and hereby does move for an order staying the above-captioned proceedings and requiring Plaintiff LIVN Worldwide Ltd. ("Plaintiff") to either (1) secure new counsel by a date certain; or (2) have the above-captioned action dismissed for failure to prosecute.

The Court should stay these proceedings pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. Here, the uncertainty caused by Plaintiff's seeming inability to secure new counsel has prejudiced Vubiquity by leaving the resolution of this action in limbo, through no fault of Vubiquity.

This Motion is made on the following grounds:

1. A stay will not prejudice either party.
2. Both parties will be prejudiced absent a stay.
3. The orderly course of justice will benefit from proceedings only taking place once the uncertainty regarding Plaintiff's counsel is resolved.
4. Plaintiff's own conduct is frustrating both parties' interest in proceeding expeditiously with this litigation.
5. A stay will promote the convenience of this Court.

This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, and any further arguments that may be made at a hearing on this motion.

This motion is made following a conferences of counsel pursuant to L.R. 7-3, which took place on August 18, 2023 and August 21, 2023.

Mitchell Silberberg & Knupp LLP

1
2   DATED: August 21, 2023            MITCHELL SILBERBERG & KNUPP LLP
3                                     By: /s/ Eleanor M. Lackman
4                                          Eleanor M. Lackman
                                           Attorneys for Defendant
                                           Vubiquity Inc.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Vubiquity, Inc. ("Vubiquity") respectfully submits this memorandum of points and authorities in support of its motion to stay the proceedings in this matter and to require Plaintiff LIVN Worldwide Ltd. ("Plaintiff") to secure counsel and to prosecute this action by a date certain or risk dismissal.

## I. INTRODUCTION

Vubiquity, despite its efforts to move towards the resolution of this action, has been held in limbo by Plaintiff's dilatory conduct. First, Plaintiff failed to meaningfully engage in establishing a protective order that would allow discovery to proceed. Second, after the parties jointly sought to change the trial date and related deadlines, Plaintiff has failed to meet new discovery deadlines, possibly due to issues securing new counsel. Now, Plaintiff and Plaintiff's counsel are in a seeming cat-and-mouse game regarding Plaintiff's counsel's efforts to withdraw from this action. Vubiquity—who did not initiate this action—is now forced to deal with uncertainty regarding the course of this litigation. Enough is enough. Vubiquity requests that (1) this Court stay these proceedings pending Plaintiff's securing of new counsel; and (2) that this Court require Plaintiff to secure new counsel by a date certain or face dismissal.

## II. BACKGROUND

In June 2023, the parties agreed to a litigation schedule, including an agreement to develop a protective order that would allow the parties to complete their document exchange. Declaration of Eleanor M. Lackman ("Lackman Decl.") ¶ 2; ECF 54. The parties also agreed that Vubiquity could serve a final set of discovery requests and that discovery would close on August 21, 2023. Lackman Decl. ¶ 2. Vubiquity believed this date would allow for the parties to finish exchanging documents and taking depositions. *Id.* Non-expert discovery dates were adjusted accordingly. *Id.*; ECF 54.

In early July, Vubiquity was notified that Plaintiff's current counsel of Avyno Law was planning to withdraw as counsel and substitute new counsel in. Lackman Decl., ¶ 3. On that representation, Vubiquity agreed to wait two weeks to see what form of motion would be filed and what agreements Vubiquity might reach with new counsel. Lackman Decl., ¶ 4. However, no new counsel substituted into the action, and Plaintiff's firm filed its motion to withdraw, which was denied without prejudice on August 11, 2023 and has yet to be refiled. Lackman Decl., ¶ 5; ECF 59.

The parties conferred on August 18, 2023 and discussed the possibility of a stay of all deadlines—consistent with and without waiver of the parties' prior agreements before Vubiquity was made aware of Plaintiff's representation issues— if and when new counsel is engaged by whatever time the Court may set for plaintiff to secure counsel before dismissing the case for failure to prosecute. Lackman Decl., ¶ 6.

The parties again conferred on August 21, 2023, concerning the proposed stay of all deadlines. Lackman Decl., ¶ 7. Plaintiff's counsel indicated that they could not grant consent to such a stay. *Id.*

### III. ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Whether to grant a stay is committed to the court's discretion. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Interests a court must weigh include: (1) the possible damage caused by granting a stay; (2) the hardship a party may suffer if required to proceed; (3) "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"; (4) plaintiff's interest in proceeding expeditiously with the

litigation; and, (5) the convenience of the court in managing its cases and the efficient use of judicial resources. *Abu-Hajar v. AutoNation, Inc.*, 2017 WL 10591886, at *2 (C.D. Cal. Aug. 17, 2017) (citing *Aluya v. Mgmt. & Training Corp.*, 2013 WL 6009943, at *1 (E.D. Cal. 2013).

*First*, the grant of a stay will not damage the parties' interests. In fact, it will help preserve them. As it stands, Plaintiff's failure to secure counsel has left the parties unable to meet key discovery deadlines and many critical litigation deadlines are fast approaching. A stay will permit the Plaintiff to regroup and come to an understanding concerning the course of this litigation. A stay will ensure that Vubiquity is not punished for missed deadlines caused by Plaintiff's failure to engage in this litigation.

*Second*, both parties suffer hardship by being required to proceed under the current schedule. The Plaintiff suffers because it has failed to secure engaged counsel to represent their interests. And Vubiquity suffers from the lack of certainty concerning the course of this litigation.

*Third*, the requested order will promote the course of justice as it will allow the parties to either (1) engage in discovery on a timeline that Plaintiff is able to adhere to, or (2) provide resolution and finality through the dismissal of this action due to Plaintiff's failure to prosecute. Thus far, Vubiquity has not been able to fully develop a factual record in this case, due to Plaintiff's failure to enter into a protective order and facilitate the exchange of documents.

*Fourth*, Plaintiff's conduct is frustrating the expeditious resolution of this litigation. Forcing Plaintiff to secure counsel and engage in Plaintiff's lawsuit by a date certain will promote the expeditious resolution of this action.

*Fifth*, Plaintiff's continued failure to engage in this litigation will bottleneck the litigation schedule and frustrate the Court's ability to manage this action. Therefore, the requested order will aid this Court in managing this action.

## IV. CONCLUSION

For the foregoing reasons, Vubiquity respectfully requests that the Court grant the Motion to (1) stay these proceedings pending Plaintiff securing new counsel, and (2) order Plaintiff to secure substituted counsel and prosecute this action within thirty days of the Court's order.

DATED: August 21, 2023                MITCHELL SILBERBERG & KNUPP LLP

By:   */s/ Eleanor M. Lackman*
        Eleanor M. Lackman
        Attorneys for Defendant
        Vubiquity Inc.