**AVYNO LAW P.C.**
Jennifer H. Hamilton, Esq. (SBN 220439)
Email: jhh@avynolaw.com
Jan A. Sundberg, Esq. (SBN 169186)
Email: jas@avynolaw.com
Shawn B. Hussain, Esq. (SBN 315872)
Email: sbh@avynolaw.com
6345 Balboa Blvd., Suite 312, Building I
Encino, CA 91316
Tel.: (818) 654-8840
Fax: (818) 332-4205

Attorneys for Plaintiff LIVN Worldwide Ltd.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LIVN Worldwide Ltd., a Mauritius limited company,<br><br>Plaintiff,<br><br>vs.<br><br>Vubiquity Inc., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.: 2:21-cv-09589-AB-KS**<br><br>Honorable André Birotte Jr.<br><br>**DECLARATION OF JENNIFER HAMILTON IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**<br><br>Date:     October 6, 2023<br>Time:     10:00 a.m.<br>Location: Courtroom 7B |

1

**DECLARATION OF JENNIFER HAMILTON**

# DECLARATION OF JENNIFER HAMILTON

I, Jennifer Hamilton, under penalty of perjury, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and in the Southern District of California and am an attorney with Avyno Law P.C. ("Avyno"). I submit this declaration in support of the Motion to Withdraw as Counsel. I have personal knowledge of the facts set forth in this declaration and would and could testify thereto.

2. Since June 15, 2023, attorney Jan Sundberg and I have had multiple telephone and email conversations with Plaintiff LIVN Worldwide Ltd., a Mauritius limited company ("Plaintiff" or "LIVN") regarding the handling of this litigation, and in particular with LIVN's representative Nadeem Sham.

3. During the multiple communications with representatives for Plaintiff, it became evident that Plaintiff and Avyno and its attorneys have irreconcilable differences regarding the prosecution of this case and Plaintiff's duties as litigants. In particular, LIVN's conduct has rendered it unreasonably difficult for Avyno Law P.C. and its attorneys to carry out the representation effectively. Further, the client is refusing to comply with obligations related to Avyno's representation, to which Avyno has given LIVN, and in particular, its representative Mr. Sham, warning that we will withdraw unless the client performs its obligations.

4. On June 15, 2023, attorney Jan Sundberg and I had a discussion via Zoom with LIVN regarding certain of its obligation in this case.

5. On June 22, 2023, a dispute arose in writing, to which Mr. Sundberg asked to speak with Mr. Sham about.

6. On June 27, 2023, attorney Jan Sundberg, emailed Mr. Sham setting forth, in writing, LIVN's obligation in the case.

7. On July 3, 2023, attorney Jan Sundberg and I had further discussions with Mr. Sham, of LIVN, via Zoom regarding the handling of this case, during

2

which call, I stated that under the circumstances, it did not appear we could continue to represent LIVN.  LIVN's representative Mr. Sham stated that it might be best if LIVN got new counsel, that they had counsel waiting to step in and that if we wanted to terminate our representation, let them know.  The call was unexpectedly terminated.  I sent an email regarding the unexpected termination of the call to Mr. Sham to which he responded that he had "another call in 2mins" and noted, "Please let me know how you wish to proceed from here via email."

8. Thereafter, on July 10, 2023, in an email to Mr. Sham, I noted, "Given our last call and in light of the substance of our prior call on June 15, 2023, it is clear that we have irreconcilable differences.  You told us on the call that you have other attorneys ready to step into this case and agreed to our withdrawal from the case."  Following this, I noted the areas in which the parties were in conflict and why we were unable to properly represent LIVN in the litigation. I then stated, "Please have your new attorneys send us a substitution of attorney for this case by this Friday, if not sooner."

9. Following the July 10, 2023 email, I received an email from Mr. Sham, stating that our timeline to find new counsel was too strict and sought to extend the time.  He then proceeded to ask additional logistical questions to which I addressed in a responsive email on July 11, 2023.

10. Then, on July 12, 2023, Mr. Sham sent another email stating that "he did not ask us to withdraw."  I responded to this email on July 12, 2023, stating, in detail, why were unable to continue to represent LIVN and how it could be reconciled.  I then stated that unless it was reconciled, we would seek "to file a motion to withdraw with the court on Monday, July 17, 2023, based upon fundamental differences regarding LIVN's duties in this case."

11. On July 13, 2023, I received another email from Mr. Sham that only reiterated LIVN's unwillingness to comply with our requests that would allow us to continue our representation.  In response, on July 13, 2022, I again reiterated, in

3

**DECLARATION OF JENNIFER HAMILTON**

writing, via email, LIVN's duties as a litigant and stated that because LIVN was unwilling to comply, we would proceed with filing our motion to withdrawn on July 17, 2023.

12. Given our obligation to notify opposing counsel, our Ex-Parte Application to withdrawn was not filed until July 26, 2023.

13. Notice of our Ex-Parte Motion was given to opposing counsel, orally and via email, in accordance with L.R. 7-19.1 to Eleanor M. Lackman, Mitchell Silberberg & Knupp LLP, attorneys for Plaintiff, on July 21, 2023 and July 23, 2023, respectively.

The address and email for opposing counsel is:

Eleanor M. Lackman

Mitchell Silberberg & Knupp LLP

2049 Century Park East, 18th Floor

Los Angeles, CA 90067

Email: eml@msk.com

14. The Court on August 10, 2023, denied our Ex-Parte Application.

15. Since the filing of the Ex-Parte Motion, our firm has been contacted by two different law firms regarding potentially entering their appearance in this case. For this reason, we have waited to file this Noticed Motion to Withdraw. Given that new counsel has not substituted in this case as of yet, and given pending discovery and litigation deadlines, we are filing this Notice Motion to Withdraw.

16. The Notice Motion filing comes after Mr. Jan Sundberg met and confirmed with Eleanor M. Lackman, Mitchell Silberberg & Knupp LLP, attorneys for Plaintiff, on Friday, August 18, 2023, regarding our intent to proceed with the filing of this Motion to Withdraw.

17. When giving LIVN written notice of our intent to file of this Notice Motion on August 21, 2022, we advised LIVN, in writing, under Local Rule 83-2.3.4 "that as an organization, LIVN must be represented by counsel and cannot act

4

on its own behalf before the court (i.e., pro se).  If LIVN is unable to engage new counsel, the case will be dismissed."

18.  Counsel for Defendant has filed a motion to stay pending the resolution of Plaintiff's representation.  We respectfully request that this Motion be heard on the same date and time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California, this 22th day of August 2023.

By: /s/ Jennifer Hamilton
Jennifer Hamilton

5

**DECLARATION OF JENNIFER HAMILTON**

## PROOF OF SERVICE

I hereby certify that on August 22, 2023, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

**Electronic Transmission:** I caused the document(s) to be sent from email address rmeegan@avynolaw.com to the person(s) at the email address(es) listed below.

LIVN Worldwide Ltd.

Nadeem Sham

nadeem@livworldwide.com

Dated:  August 22, 2023                    /s/Rebecca Meegan

**DECLARATION OF JENNIFER HAMILTON**