1  ELEANOR M. LACKMAN (SBN 298594)
   eml@msk.com
2  BRANDON E. HUGHES (SBN 329947)
   beh@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA 90067
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Defendant Vubiquity Inc.

7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10

11 | LIVN Worldwide Ltd., a Mauritius
   | limited company,
12 |
   |                    Plaintiff,
13 |
   |        v.
14 |
   | Vubiquity Inc., a Delaware corporation;
15 | and DOES 1 through 10, inclusive,
   |
16 |                    Defendant.
17 |
18 |
19 |

CASE NO. 2:21-cv-09589-AB-KS

Honorable André Birotte Jr.

**NOTICE OF MOTION AND VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Date:      July 26, 2024
Time:      10:00 a.m.
Location:  Courtroom 7B
           350 W. 1st Street
           Los Angeles, CA 90012

File Date: December 10, 2021

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

---

**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 26, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5D, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant Vubiquity, Inc. ("Vubiquity") will and hereby does move, pursuant to the Copyright Act, 17 U.S.C. § 505, for an award of attorneys' fees and costs against Plaintiff LIVN Worldwide Ltd.

This Motion is made on the grounds that (1) Vubiquity is the prevailing party in this action under 17 U.S.C. § 505 by virtue of this Court's June 1, 2024 Order granting Vubiquity's Motion for Summary Judgment; (2) the relevant factors strongly weigh in favor of an award of attorneys' fees and costs against Plaintiff; and (3) Defendants' requested fees and costs are reasonable in amount and were reasonably incurred in defending against Plaintiff's objectively baseless copyright claims.[1]

This Motion is made following conference of counsel pursuant to L.R. 7-3 which took place on June 19, 2024.  The parties were unable to reach a resolution that would eliminate the necessity of this Motion.  Declaration of Eleanor M. Lackman, ¶ 20.

This Motion is and will be based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Eleanor M. Lackman filed concurrently herewith, any Reply and supporting pleadings and exhibits that

---

[1] Vubiquity recognizes that there has been no formal entry of judgment.  The Order granting summary judgment (ECF 103) was entered on Saturday, June 1, 2024; Plaintiff's Motion for Reconsideration was filed on June 7, 2024 (ECF 108); the Order was amended on June 12, 2024 (ECF 110); and Vubiquity's Motion for Attorneys' Fees and Costs was initially filed on June 14, 2024 (ECF 111). Vubiquity seeks to proactively address the issue of attorneys' fees given the court's discretion in considering such motions prior to formal entry of judgment. *See* Fed.R.Civ.P. 54(d)(2)(B)(i) (a motion for attorney's fees must "be filed no later than 14 days after entry of judgment" unless a statute or court order provides otherwise); *Patrick v. Williams & Assocs.*, 456 F. App'x 708, 709 (9th Cir. 2011); *ASIS Internet Servs. v. Optin Glob., Inc.*, No. C-05-5124 JCS, 2008 WL 5245931, at \*2 (N.D. Cal. Dec. 17, 2008), *aff'd sub nom. ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 F. App'x 112 (9th Cir. 2009).

**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

1  may be filed in further support, and all of the pleadings, papers, and evidence on

2  file or lodged with the Court herein.

3

4  DATED: June 26, 2024

RESPECTFULLY SUBMITTED,

5  ELEANOR M. LACKMAN
BRANDON E. HUGHES
6  MITCHELL SILBERBERG & KNUPP LLP

7

8

9  By: _____
10  Eleanor M. Lackman
Brandon E. Hughes
11  Attorneys for Defendant
Vubiquity Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

1

# **<u>TABLE OF CONTENTS</u>**

2

<u>Page</u>

3

I.    INTRODUCTION ............................................................................. 1

4

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............ 1

5

III.  ARGUMENT .................................................................................. 5

6

7

    A.   The Court Should Award Vubiquity's Attorneys' Fees for
        Defending Plaintiff's Copyright Claims ................................ 5

8

9

        1.   Vubiquity Was Entirely Successful .............................. 6

10

        2.   Plaintiff's Claims Were Objectively Unreasonable and
              Frivolous as Unsupported by Evidence or Law ............ 6

11

12

        3.   Plaintiff's Improper Pursuit of this Action Further Supports
              an Award of Attorneys' Fees ...................................... 8

13

14

        4.   Principles of Compensation and Deterrence Strongly
              Militate in Favor of a Fee Award ................................ 9

15

    B.   Vubiquity's Requested Fees are Reasonable ....................... 10

16

        1.   The Hourly Rates of Defendants' Counsel are Reasonable ..... 10

17

        2.   The Number of Hours Expended is Reasonable ...................... 11

18

    C.   The Court Should Award Vubiquity's Costs ...................... 12

19

IV.   CONCLUSION ............................................................................. 12

20

21

22

23

24

25

26

Mitchell
Silberberg &
Knupp LLP

27

28

i

**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*AF Holdings LLC v. Navasca*,
　2013 WL 3815677 (N.D. Cal. July 22, 2013) ..................................... 9

*Armstrong v. Davis*,
　318 F.3d 965 (9th Cir. 2003) ............................................................. 11

*Bernal v. Paradigm Talent & Literary Agency*,
　2010 WL 6397561, at *6 (C.D. Cal. June 1, 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)) ........................... 10

*Blum v. Stenson*,
　465 U.S. 886 (1984) .......................................................................... 10

*Erickson Prods. Inc. v. Kast*,
　2016 WL 3951659 (N.D. Cal. July 22, 2016) ..................................... 6

*ExperExchange, Inc. v. DocuLex, Inc.*,
　2010 WL 1881484 (N.D. Cal. May 10, 2010) ..................................... 7

*EZ Travel Distribution, Inc. v. Doremo Glob. Corp.*,
　No. 820CV01183JVSJDE, 2022 WL 1600005 (C.D. Cal. Feb. 11, 2022),
　*reconsideration denied*, No. 820CV01183JVSJDE, 2022 WL 1600006
　(C.D. Cal. Mar. 21, 2022) .................................................................... 2

*Fogerty v. Fantasy, Inc.*,
　510 U.S. 517 (1994) ........................................................................ 5, 6

*Glacier Films (USA), Inc. v. Turchin*,
　896 F.3d 1033 (9th Cir. 2018) ............................................................. 5

*Kirtsaeng v. John Wiley & Sons, Inc.*,
　579 U.S. 197 (2016) .............................................................. 5, 6, 9, 10

*Love v. Mail on Sunday*,
　2007 WL 2709975 (C.D. Cal. Sept. 7, 2007) .................................... 11

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*,
　81 F.3d 881 (9th Cir. 1996) ................................................................. 6

Mitchell
Silberberg &
Knupp LLP

ii

**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

1

**TABLE OF AUTHORITIES**
<u>(continued)</u>

2

3
<u>**Page(s)**</u>

4
*Marcus v. ABC Signature Studios, Inc.*,
    2017 WL 5592470 (C.D. Cal. Nov. 20, 2017) ................................................ 8, 9

5

6
*Moore v. James H. Matthews & Co.*,
    682 F.2d 830 (9th Cir. 1982) ........................................................................... 11

7

8
*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014) ........................................................................................... 2

9

10
*Perfect 10, Inc. v. Giganews, Inc.*,
    2015 WL 1746484 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th
    Cir. 2017)...................................................................................................... 7, 11

11

12
*Scott v. Meyer*,
    No. CV 09-6076 ODW(RZX), 2010 WL 2569286, at *3 (C.D. Cal. June
    21, 2010) ...................................................................................................... 9, 10

13

14
*Shame On You Prods., Inc. v. Banks*,
    893 F.3d 661 (9th Cir. 2018) .............................................................................. 5

15

16
*Shame On You Prods. v. Banks*,
    2016 WL 5929245 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th
    Cir. 2018)........................................................................................................ 6, 8

17

18
*SOFA Entm't, Inc. v. Dodger Prods., Inc.*,
    709 F.3d 1273 (9th Cir. 2013) ............................................................................ 9

19

20
*Spear Mktg., Inc. v. Bancorpsouth Bank*,
    2016 WL 193586 (N.D. Tex. Jan. 14, 2016), *aff'd*, 844 F.3d 464 (5th Cir.
    2016)..................................................................................................................... 7

21

22
*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
    839 F.3d 1179 (9th Cir. 2016) ............................................................................ 2

23

24
*Vargas v. Howell*,
    949 F.3d 1188 (9th Cir. 2020) .......................................................................... 10

25

26
*Washington v. ViacomCBS, Inc.*,
    2021 WL 6134375 (C.D. Cal. Dec. 9, 2021)...........................................6, 8, 11

27

28

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*WB Music Corp. v. Royce Int'l Broad. Corp.*,
    2018 WL 6177237 (C.D. Cal. July 9, 2018) ........................................................ 11

### STATUTES

15 U.S.C. § 1117(a) .................................................................................................. 2

17 U.S.C. § 505 ....................................................................................................... 2

28 U.S.C. § 1920(4) ................................................................................................ 12

### OTHER AUTHORITIES

L.R. 54-3.10(a)-(c), (f) ........................................................................................... 12

**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff LIVN Worldwide Ltd. ("Plaintiff") persisted with nearly thirty months of litigation in a case where defendant Vubiquity Inc. ("Vubiquity") earned $106.32 from an automatic and inadvertent release of material on iTunes, which material was submitted with Plaintiff's knowledge.  Plaintiff obstinately continued with this case through multiple motions to dismiss that whittled their claims down to one, multiple counsels of record for Plaintiff, multiple warnings that this case was a $106.32 case at best, including a Rule 68 offer of judgment, and, now, apparently seeking reconsideration of Plaintiff's appropriate loss on summary judgment.  As we now know, over approximately two and half years, Plaintiff was unable to amass the evidence necessary to demonstrate standing – a core threshold requirement.  Plaintiff could not demonstrate copyright registration all along and failed to take the minimal steps required to register the work, much less offer a witness who could speak to the facts necessary to show entitlement to the foreign works exemption.  Further, Plaintiff's Opposition to Vubiquity's Motion for Summary Judgment demonstrated that, even if Plaintiff could demonstrate standing (it could not), Plaintiff's only theory of liability was a theory this court rejected at the motion to dismiss stage: a "making available" theory.  That Plaintiff pursued this $106.32 matter to the summary judgment stage with no means to prove two requirements of the one claim Plaintiff had remaining claim weighs heavily in favor of awarding Defendant Vubiquity, Inc. its attorneys' fees and costs expended in this action.[2]  Vubiquity respectfully requests that this Court grant Vubiquity the fees and costs expended defending Plaintiff's meritless action.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This action was filed approximately two and a half years ago, on

Mitchell
Silberberg &
Knupp LLP

---

[2] A stated in Vubiquity's summary judgment papers, Vubiquity reserved the right to seek its costs and/or attorney's fees pursuant to Rule 68 and/or 17 U.S.C. § 505 at the appropriate time, upon determination of the merits.

**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

December 10, 2021, purporting to state the following claims: (1) copyright infringement; (2) unfair competition under the Lanham Act; false advertising; violation of the Digital Millennium Copyright Act; (5) "misappropriation of the right of publicity"; (6) fraud; (7) unfair competition under California law; and (8) quantum meruit. ECF 1. Plaintiff filed a First Amended Complaint, removing the right of publicity and quantum meruit claims. ECF 13. Despite ample warning throughout the meet and confer process, Plaintiff persisted with state law claims that were preempted by the Copyright Act. Accordingly, the Court dismissed Plaintiff's state law claims for fraud and under California Business and Professions Code § 17200 with narrow leave to amend directing Plaintiff to only amend if "it can do so *on bases independent of its copyright claims*." ECF 31 at p. 15 (emphasis original). Plaintiff's Lanham Act claims were dismissed without leave to amend.[3] The Court further dismissed Plaintiff's copyright claims in part, specifically ruling: "With respect to exclusive distribution rights, the Ninth Circuit requires that the defendant actually distribute, or disseminate, the work, and not just 'make it available' for someone else to distribute." *Id.* at p. 13. Thus, the copyright claim was dismissed in part, to the extent that it relied on a "making available" theory of liability. *Id.* at pp. 13-14. Plaintiff, again, attempted to pursue its preempted state law claims. ECF 33. The Court dismissed the claims as preempted, leaving Plaintiff's copyright infringement claim as its sole remaining claim. ECF 48. Plaintiff pressed forward, despite, as would be revealed later,

---

[3] The Court may award fees related to Plaintiff's Lanham Act claims and incurred in securing their dismissal under 15 U.S.C. § 1117(a). The standard for such an award is essentially identical to the standard for fees under the Copyright Act, discussed below. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, n. 6 (2014); *see also SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016); *EZ Travel Distribution, Inc. v. Doremo Glob. Corp.*, No. 820CV01183JVSJDE, 2022 WL 1600005, at *4 (C.D. Cal. Feb. 11, 2022), *reconsideration denied*, No. 820CV01183JVSJDE, 2022 WL 1600006 (C.D. Cal. Mar. 21, 2022) (in assessing fees under the Lanham Act, courts consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence").

Mitchell Silberberg & Knupp LLP

2

Plaintiff had no theory of liability beyond its rejected making-available theory.  *See* ECF 88 at pp. 9-10.

Vubiquity filed its answer to the Second Amended Complaint on January 1, 2023.  ECF 53.  In it, Vubiquity flagged the issue of standing.  In its Second Affirmative Defense, Vubiquity asserted: "Plaintiff lacks standing, in whole or in part, to bring the claims and seek the relief against Vubiquity as set forth in the SAC, including but not limited to the failure to register works first published in the United States, and because Plaintiff is not the legal or beneficial owner of the rights asserted in its copyright infringement claim."  *Id.* at pp. 21-22.  Vubiquity also flagged evidence indicating that the unregistered television series at issue, *Martial Universe* (the "Series") did not qualify for the narrow exception to the Copyright Act's registration requirement under the Berne Convention. Specifically, despite it being Plaintiff's burden to demonstrate standing, Vubiquity cited publicly-available evidence suggesting that the Series was first or simultaneously published in the United States, including in court filings.  ECF 36, 37, 40 (referencing the Series' availability on Amazon's Prime Video electronic sell-through platform).  Plaintiff was made aware, early on, that the issue of standing was problematic for Plaintiff's position.  And – nearly a year and a half of active litigation later – the issue of standing ultimately doomed Plaintiff's claims. Vubiquity also flagged the issue throughout its discovery disputes with Plaintiff, as Vubiquity repeatedly sought information as to how the Series was being made available through Prime Video given Plaintiff's purportedly exclusive rights.  *See* ECF 76-83.  As explained by Vubiquity's counsel at the hearing on summary judgment, despite all of this, Plaintiff failed to pursue a simple filing at copyright.gov that would have mooted the standing issue.

In June 2023, after repeatedly informing Plaintiff that the revenue generated from the purportedly unlawful making available of the Series was $106.32, Vubiquity presented Plaintiff, via counsel that had recently appeared and remains

Plaintiff's current counsel, with an Offer of Judgment for $700.00.  The Offer of Judgment was not accepted.  Declaration of Eleanor M. Lackman ("Lackman Decl."), Ex. A.

Vubiquity moved for summary judgment.  ECF 85.  In Opposition, despite the Court's prior rulings, Plaintiff continued to assert a "making available" theory of infringement.  Vubiquity argued that Plaintiff was judicially estopped from pursuing the theory.  ECF 88 at pp. 8-11.

Ultimately, the Court dismissed Plaintiff's remaining claim on the ground of standing, which mooted the remaining theories Vubiquity asserted in its summary judgment motion.  After two and a half years of litigation, the only evidence Plaintiff brought forth to substantiate its claims of standing were indecipherable foreign-language documents submitted in violation of the Local Rules.  The Court observed: "And, while LIVN's Additional Fact 114 asserts that the Series was first made available in China in 2017, the cited evidence does not support this: The cited portions of Mr. Sham's declaration do not include any date.  Exhibits A and B, which are wholly unexplained, are in Chinese so the Court cannot ascertain their content.  And Mr. Sham's statement in ¶ 6 of his declaration that he 'understands' and 'knows' that the series was first released in China before it was ever made available in the United States is without foundation and is speculative: LIVN acquired the Series in March 2019 from someone else, and Mr. Sham does not explain how or why he knows anything about its release before then."  ECF 103 at p. 8.  Accordingly, Vubiquity's Motion for Summary Judgment was granted on standing grounds.  Vubiquity was order to submit a proposed judgment within five days and Plaintiff was given five additional days to object to form, if Plaintiff so chose.  *Id.* at 11.

## III.   ARGUMENT

### A.   The Court Should Award Vubiquity's Attorneys' Fees for Defending Plaintiff's Copyright Claims

The Copyright Act gives courts the authority to "award a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. Here, the Court granted Vubiquity's motion for summary judgment.  Vubiquity is the prevailing party in this case.

The Supreme Court has provided "several nonexclusive factors" for courts to consider in making a fee determination.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).  These factors are: "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence."  *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018).  District courts should "giv[e] substantial weight to the reasonableness of [the losing party's] litigating position, but also tak[e] into account all other relevant factors."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 210 (2016); *see Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018).  As the Supreme Court has made clear, for purposes of awarding fees, "a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'"  *Kirtsaeng*, 579 U.S. at 202 (quoting *Fogerty*, 510 U.S. at 527) (alterations in original).

An award of attorneys' fees is warranted here.  Not only did Plaintiff's copyright claim fail in its entirety, it was objectively unreasonable to the point of frivolousness and exactly the type of baseless claim that a fee award is designed to deter.

Mitchell Silberberg & Knupp LLP

### 1. Vubiquity Was Entirely Successful

The Court dismissed Plaintiff's copyright claims for lack of standing – a defense Vubiquity explained in terms of the copyright registration requirement as early as its Answer.  Vubiquity's success was total and complete, which supports an award of attorneys' fees to Defendants.  *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996) (fee award proper where defendant, for which summary judgment was granted, "obtained total success in defending against [plaintiff's] copyright claims"); *Washington v. ViacomCBS, Inc.*, 2021 WL 6134375, at *2 (C.D. Cal. Dec. 9, 2021) (first factor favored granting fees where defendant's motion to dismiss was granted without leave to amend); *Shame On You Prods. v. Banks*, 2016 WL 5929245, at *6 (C.D. Cal. Aug. 15, 2016) (finding "total" success for defendants where copyright claims were dismissed for lack of substantial similarity, even though state law claim was dismissed without prejudice), *aff'd*, 893 F.3d 661 (9th Cir. 2018).

### 2. Plaintiff's Claims Were Objectively Unreasonable and Frivolous as Unsupported by Evidence or Law

The objective unreasonableness of Plaintiff's claims weighs heavily in favor of an award of attorneys' fees.  *See Kirtsaeng*, 579 U.S. at 210.  While the Court need not find that Plaintiff's claims were frivolous to award fees (*see Fogerty*, 510 U.S. at 532 n.18), here, Plaintiff's claims were frivolous, including because Plaintiff took no steps to ascertain and adequately support its claims concerning the Series' publication – a fact that was exposed by Plaintiff's Opposition to Vubiquity's Motion for Summary Judgment.

"'Objective unreasonableness' is generally used to describe claims that have no legal or factual support." *Washington*, 2021 WL 6134375, at *2. Even if a claim "is not objectively unreasonable at the outset," it "can become so if the litigant continues to pursue it when the litigant knew or should have known that the chance of success was slim to none." *Erickson Prods. Inc. v. Kast*, 2016 WL

Mitchell
Silberberg &
Knupp LLP

3951659, at *2 (N.D. Cal. July 22, 2016).  A claim is considered frivolous "when the result is obvious or the arguments are wholly without merit." *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *8 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017). Plaintiff's claims were objectively unreasonable to the point of frivolousness.

First, Plaintiff insisted on pursuing Plaintiff's claims without confirming Plaintiff's standing to do so.  To continue with years of costly litigation without taking steps to confirm the viability of one's standing to sue is objectively unreasonable.  Plaintiff's failure to do so, as evidenced by the Opposition to Vubiquity's Motion for Summary Judgment, wasted the time and resources of both the parties and the Court.

Second, Plaintiff insisted on pursuing a "making available" theory of liability that was already rejected by the court, instead of acknowledging that Plaintiff had no theory beyond that.  Here, the Court told Plaintiff that its theory was "without merit" and Plaintiff continued to pursue it, again, wasting the resources of both the parties and the court.  Plaintiff also asserted state law claims that were clearly preempted. *See* ECF 30. Therefore, in addition to fees under the Lanham Act, pertaining to that claim on the motion to dismiss, *see supra* n.2, Defendants should be awarded their attorneys' fees for defending against Plaintiff's state law claims on the basis that they were preempted by the Copyright Act. *See Spear Mktg., Inc. v. Bancorpsouth Bank*, 2016 WL 193586, at *6 (N.D. Tex. Jan. 14, 2016) (holding that "preemption invokes section 505" and therefore, a court "has discretion to award reasonable attorneys' fees under the Copyright Act" on a preempted state-law claim), *aff'd*, 844 F.3d 464 (5th Cir. 2016); *ExperExchange, Inc. v. DocuLex, Inc.*, 2010 WL 1881484, at *3-4 (N.D. Cal. May 10, 2010) (awarding fees "where the state law claims have been dismissed on the basis of preemption under the Copyright Act").

Mitchell Silberberg & Knupp LLP

**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

### 3.   Plaintiff's Improper Pursuit of this Action Further Supports an Award of Attorneys' Fees

"'[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party.'" *Marcus v. ABC Signature Studios, Inc.*, 2017 WL 5592470, at *4 (C.D. Cal. Nov. 20, 2017). "Bad faith, while not necessary to an award of fees, can be based on both a plaintiff's actions in bringing the lawsuit and a plaintiff's behavior during the course of litigation." *Washington*, 2021 WL 6134375, at *3. Here, Plaintiff's failure to engage on the standing issue, particularly its failure to address the publication date issue when made aware of the Series availability on Prime Video evidences bad faith. *See* ECF 81 at pp. 9-11. Plaintiff continued to pursue claims when, as referenced in the Court's summary judgment Order, Plaintiff's CEO had no clear answers on when or where the Series was published. In fact, as argued by Vubiquity, Plaintiff's CEO changed his testimony on this point to better fit Plaintiff's narrative and still could not meet standing requirements. ECF 88 at pp. 7-8. Courts have little difficulty finding an improper motive where the plaintiff uses the Copyright Act as a vehicle "to force [a defendant] to expend significant resources on litigation in order to coerce a settlement." *Shame On You Prods.*, 2016 WL 5929245, at *9 (noting that plaintiff's discovery-related conduct, including failing to meet and confer before filing voluminous motions and denying opposing counsel's requests that would have lessened the difficulty of defendant's opposition, "raise[d] an inference that [plaintiff's] primary motivation was . . . draining Defendants' resources in order to force a settlement"). Here, Plaintiff pursued unsupported "pie in the sky" damages numbers, despite the fact that the Series only generated $106.32 in revenue for Vubiquity. ECF 88 at pp. 15-18. Indeed, even though Plaintiff's purported "benchmark" licenses—for terms and uses well beyond the scope of the accidental making-available of the Series on iTunes—did not exceed five figures, Plaintiff's heavily influenced expert offered

Mitchell
Silberberg &
Knupp LLP

an absurd theory that a reasonable license fee between Vubiquity and Plaintiff, in a willing-buyer/willing-seller arrangement, would be roughly $3 million for the use that was made that netted just over $100 in gross revenues.  ECF 88 at 99. 15-16. Accordingly, the record amply shows that Plaintiff's motivation in bringing and continuing to pursue this lawsuit was to obtain a legally unjustified damages award or settlement.

### 4.   Principles of Compensation and Deterrence Strongly Militate in Favor of a Fee Award

The need for compensation and deterrence is a key consideration in awarding attorneys' fees to the prevailing party.  *See SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).  Fees should be awarded in a way that "encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." *Kirtsaeng*, 579 U.S. at 205.  Courts recognize that "[d]eterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudable ends." *Scott*, 2010 WL 2569286, at *3; *see AF Holdings LLC v. Navasca*, 2013 WL 3815677, at *3 (N.D. Cal. July 22, 2013) ("[T]here is a strong argument in favor of awarding fees as a deterrent, both with respect to [plaintiff] and other persons or entities that might contemplate a similar business model that is not intended to protect copyrighted work but instead designed to generate revenues through suits and coerced settlements.").

An order awarding Defendants the fees they incurred would serve the goals of just compensation and deterrence of similarly meritless claims.  *See Marcus*, 2017 WL 5592470, at *5 (fee award warranted on deterrence factor, "especially after 'Defendants were forced to defend against Plaintiff's claims even after pointing out the fatal flaws from which his lawsuit suffered'"); *Scott*, 2010 WL 2569286, at *3 (same).  It would also promote a primary purpose of the Copyright

1  Act—to "enrich[] the general public through access to creative works." *Kirtsaeng*,
2  579 U.S. at 204 (quoting *Fogerty*, 510 U.S. at 527).

3      Here, Plaintiff chose to duck and dodge the issue of standing until forced to
4  confront it on summary judgment.  Proceeding with a total lack of evidence to
5  establish standing is pursuing the very type of "non-meritorious lawsuit" that fees
6  should be awarded to deter.  *Scott*, 2010 WL 2569286, at *3.  Further, evidence
7  presented in this case suggests that Plaintiff is taking a similar questionable
8  approach in other litigation involving the Series.  ECF 89, UF 13, 16-19.
9  Therefore, fees will also serve a needed deterrent function.

10     In sum, all of the relevant factors weigh in favor of awarding Vubiquity the
11  attorneys' fees Vubiquity reasonably incurred in successfully defending against
12  Plaintiff's unreasonable copyright claims.

13     **B.**     **<u>Vubiquity's Requested Fees are Reasonable</u>**

14     Courts use the "lodestar" method to calculate an award of attorneys' fees,
15  which is "properly calculated by multiplying the number of hours reasonably
16  expended on the litigation times a reasonable hourly rate." *Vargas v. Howell*, 949
17  F.3d 1188, 1194 (9th Cir. 2020).  Here, Defendants seek the recovery of
18  $374,266.80 in attorneys' fees (plus any reasonable fees incurred to prepare a
19  Reply), which is reasonable given the proceedings in this case.

20     **1.**     **The Hourly Rates of Defendants' Counsel are Reasonable**

21     Courts determine the reasonableness of the rates for attorneys' fees based on
22  the rates for similar services by attorneys of similar experience in the relevant
23  community.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  "The relevant
24  community includes 'attorneys practicing in the forum district'—that is, the district
25  in which the court sits." *Bernal v. Paradigm Talent & Literary Agency*, 2010 WL
26  6397561, at *6 (C.D. Cal. June 1, 2010) (quoting *Gates v. Deukmejian*, 987 F.2d
27  1392, 1405 (9th Cir. 1992)).  Under this standard, the hourly rates of Defendants'
28  counsel are manifestly reasonable.

Mitchell
Silberberg &
Knupp LLP

10
**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendants' counsel has considerable experience litigating copyright cases, having litigated many similar matters in this District and in other federal courts. *See* Lackman Decl. ¶¶ 5-7. As detailed in the accompanying Declaration of Eleanor Lackman, the hourly rates charged—$715 for a partner with 21 years of experience and $515 for an associate—is highly reasonable in light of each individual's experience, skill, and qualifications. *Id.* ¶¶ 5-8. In fact, the rates charged were discounted from the normal hourly rates. *See id.* ¶ 14; *see Moore v. James H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982) ("Unless counsel is working outside his or her normal area of practice, the billing-rate multiplier is, for practical reasons, usually counsel's normal billing rate.").

The rates on which Defendants' requested fees are based are lower than the prevailing market rates for similar services by attorneys of reasonably comparable skills, experience, and reputation in the area. *See* Lackman Decl. ¶ 13; *see, e.g.*, *Washington*, 2021 WL 6134375, at *4 (in copyright action, senior associate rate of $745 and junior associate rate of $490 held reasonable); *WB Music Corp. v. Royce Int'l Broad. Corp.*, 2018 WL 6177237, at *5 (C.D. Cal. July 9, 2018) (approving senior counsel rate of $742.50 to $778.50); *Perfect 10*, 2015 WL 1746484, at *15-16 (approving partner rates to $930, associate rates of $350 to $690, and paralegal/support staff rates of $245 to $345); *Love v. Mail on Sunday*, 2007 WL 2709975, at *8 (C.D. Cal. Sept. 7, 2007) (approving partner rates of $690 and senior paralegal rates of $220 to $240).

## 2. The Number of Hours Expended is Reasonable

An "award of fees should cover 'every item of service which, at the time rendered, would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest' in the case at bar." *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003). As demonstrated in the exhibits, the time spent on the extensive amount of work involved in this case—including several motions, fact and expert discovery, and other argument—is justified. Lackman Decl. ¶ 17.

Mitchell
Silberberg &
Knupp LLP

### C.   <u>The Court Should Award Vubiquity's Costs</u>

As the prevailing parties, Defendants also may recover "full costs" in defending the action. *See* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."). Defendants are seeking $8,710.10 in costs, which consist of deposition transcript fees of $8,682.10 and $28.00 in court filing fees. *See* Lackman Decl. ¶¶ 18-19 Ex. C; see 28 U.S.C. § 1920(4); C.D. Cal. L.R. 54-3.10(a)-(c), (f). These costs are reasonable and were necessarily incurred for use in this case. *See* Lackman Decl. ¶¶ 18-19. These costs should also be awarded.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and award them $374,266.80 in attorneys' fees and $7,227.25 in costs, plus the reasonable attorneys' fees Defendant incurs to prepare a Reply in support of this Motion, should that be necessary.

DATED: June 26, 2024

RESPECTFULLY SUBMITTED,

ELEANOR M. LACKMAN
BRANDON E. HUGHES
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Eleanor M. Lackman
Attorneys for Defendant
Vubiquity Inc.

1  **<u>CERTIFICATION</u>**

2    The undersigned, counsel of record for Vubiquity, Inc., certifies that this

3  brief contains 3,749 words, which complies with the word limit of L.R. 11-6.1.

4
5    DATED: June 26, 2024                    RESPECTFULLY SUBMITTED,

6                                            ELEANOR M. LACKMAN
                                             BRANDON E. HUGHES
7                                            MITCHELL SILBERBERG & KNUPP LLP

8
9                                            By: _/s/ Brandon E. Hughes_____
                                                 Brandon E. Hughes
10                                               Attorneys for Defendant
                                                 Vubiquity Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Mitchell
    Silberberg &
28  Knupp LLP

                                    13
**VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is ldm@msk.com.

     On **June 26, 2024**, I served a copy of the foregoing document(s) described as **NOTICE OF MOTION AND VUBIQUITY'S MOTION FOR ATTORNEYS' FEES AND COSTS** on the interested parties in this action at their last known address as set forth below by taking the action described below:

| | |
|---|---|
| **THOITS LAW**<br>David Sarfati<br>John Van Loben<br>Brittany Nobels<br>400 Main St #250,<br>Los Altos, CA 94022<br>E-Mail: JvanLobenSels@thoits.com<br>       DSarfati@thoits.com<br>       BNobles@thoits.com | Attorneys for Plaintiff<br>LIVN Worldwide Ltd. |

☐  **BY MAIL**:  I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California.  Each envelope was mailed with postage thereon fully prepaid.

☑  **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the date indicated herein, on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

     I declare under penalty of perjury under the laws of the United States that the above is true and correct.

     Executed on **June 26, 2024**, at Los Angeles, California.

                        /s/ Latoya Mckoy
                             Latoya Mckoy

Mitchell
Silberberg &
Knupp LLP