David B. Sarfati (SBN 323896)
THOITS LAW
A Professional Corporation
400 Main Street, Suite 205
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

*Attorneys for Plaintiff,*
LIVN WORLDWIDE LTD., a Mauritius limited company,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVN WORLDWIDE LTD., a Mauritius limited company, <br><br> Plaintiff, <br><br> v. <br><br> VUBIQUITY INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendant. | CASE NO. 2:21-cv-09589-AB-KS <br><br> Honorable André Birotte Jr. <br><br> **NOTICE OF MOTION AND MOTION FOR RECONSIDERATION** <br><br> Date: July 26, 2024 <br> Time: 10:00 a.m. |

**TO DEFENDANT AND DEFENDANT'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 26, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5D, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff LIVN Worldwide LTD., ("LIVN" or "Plaintiff) will and hereby does move, pursuant to Federal Rules of Civil Procedure 59(e), 60(b), and L.R. 7-18. for Reconsideration of this Court's May 31, 2024 "Order Granting Defendant's Motion for Summary Judgment". ECF No. 103 (The "Order").

Plaintiff seeks relief on the grounds that the Order contains a manifest

error of law. Specifically, this Court found that Plaintiff could not demonstrate that the Series at issue, Martial Universe, is not a "United States Work," as that term is defined in 17 U.S.C. § 101, as required for an exception to the copyright registration requirements of 17 U.S.C. § 411(a). Specifically, the Court concluded that under applicable law, because Plaintiff could not demonstrate that the "Series was first published in a Berne Convention signatory besides the United States" and not simultaneously published in the United States, it could not prove that the Series was not a "United States Work." (Order at 6-8). But this ruling disregards that the "simultaneous publication" definition of a "United States Work" only applies where the copyright protection given by the foreign nation "grants a term of copyright protection that is the same as or longer than the term provided in the United States." 17 U.S.C. § 101. But because China provides *shorter* copyright protection than the United States, even if there was simultaneous publication, the series at issue would not be a "United States Work."

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 19, 2024. Unfortunately, the parties were unable to reach an informal resolution of this matter.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the records and files in this action, and such other matters as this Court may consider.

Respectfully submitted,

Dated: June 26, 2024                **THOITS LAW**

By: _____*/s/ David B. Sarfati*_____
David B. Sarfati
*Attorneys for Plaintiff,*
LIVN WORLDWIDE LTD., a Mauritius limited company,

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Reconsideration of this Court's May 31, 2024 "Order Granting Defendant's Motion for Summary Judgment" (ECF No. 103 (The "Order")) is warranted because the Order improperly dismisses the second clause in the Section 101 definition of "United States Work" which it applies. Specifically, it ignores the text of the statute providing that the "simultaneous publication" definition of a "United States Work" only applies where the copyright protection given by the foreign nation "grants a term of copyright protection that is the same as or longer than the term provided in the United States." As Chinese law provides a *shorter* period of copyright protection than the United States, even if Plaintiff cannot establish as a matter of law that the television series at issue was not simultaneously published in both China and the United States, it is still not a "United States Work" under the law.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff LIVN Worldwide Ltd. ("LIVN" or "Plaintiff") possesses the exclusive rights to distribute a Chinese television series known as "Martial Universe" (the "Series") within the United States. (Order at 2 citing UF 14). In or around December 2018, LIVN's CEO Nadeem Sham contacted Defendant Vubiquity Inc. ("Defendant" or "Vubiquity") for the purpose of negotiating a potential licensing agreement for the Series. (Order at 2).

While the parties' negotiations were ongoing, Vubiquity "uploaded the Series to iTunes and selected a placeholder 'go live' date of October 1, 2019. (Order at 2). However, the parties' negotiations broke down and no deal was reached. *Id*. Despite the lack of anything resembling a finalized deal, while the negotiations were ongoing, Vubiquity uploaded the Series to iTunes and selected a date for the series to "go live" and be available to purchase by the public. *Id*. Approximately a year later, LIVN discovered that Vubiquity had

been selling Martial Universe and contacted Defendant to demand the programming be removed. *Id*.

On December 10, 2021 Plaintiff filed this action seeking relief. (ECF No. 1) At the time of the current motion, LIVN possessed one claim for relief against Defendant for copyright infringement. (Order at 3.) On March 1, 2024, Defendant filed this motion for summary judgment on multiple grounds. (ECF No. 85) On May 31, 2024, the Court *granted* Defendants' Motion for Summary Judgment, finding "Plaintiff has not established standing to pursue its copyright infringement claims." (ECF No. 103). Specifically, the Court concluded that because Defendant could not establish that the Series was not published simultaneously in both the United States and a Foreign Nation, it was a "United States Work" under the law. Plaintiff respectfully requests that this Court reconsider this decision as it is based on an erroneous interpretation of the law.

### III. LOCAL RULE 7-3 STATEMENT

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 19, 2024. Unfortunately, the parties were unable to reach an informal resolution of this matter.

### IV. ARGUMENT

#### a. *Legal Standard*

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *School Dist No. 1J, Multnomah County, Or. V. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). When presented with such a motion a court should consider whether it is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Startstone Nat'l INS Co. v. Indep. Cities Risk Mgmt. Auth*, 2020 WL 5353979, at *1 (C.D. Cal. 2020)

A motion for reconsideration pursuant to Rule 59(e) should be granted

if "(1) such motion is necessary to correct manifest errors of law or facts upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice or (4) if the amendment is justified by an intervening change in controlling law." *Rizzo v. Insurance Company of the State of Pennsylvania*, 2013 WL 12143928, at *1 (quoting *Allstate Ins, Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Similarly, a party may bring a motion for consideration pursuant to Rule 60(b) if the moving party can show any of the following: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct, (4) a void judgment; (5) a satisfied or discharged judgment or (6) any other reason justifying relief from operation of judgment. *Backlund v. Barnhart*, 778 F.2d 1386 (9th Cir. 1985),

    b. *<u>The May 31 Order Incorrectly Interprets the Simultaneous Publication Rule</u>*

Reconsideration of the Court's Summary Judgment Order is appropriate under either standard. Pursuant to Rule 59(e) reconsideration is appropriate because it is required to correct a manifest error of law and to prevent manifest injustice. Reconsideration is further appropriate under Rule 60(b) as the specific facts and circumstances related to this order justify relief from operation of the judgment.

The Court's order is based on the interactions between 17 U.S.C. §§ 101 and 411. Section 411(a) provides that a Plaintiff does not have standing to bring a copyright infringement claim for any "United States Work" unless it is registered with the U.S. Copyright Office. (*See* Order at 4 ("In general, a copyright owner of a <u>United States Work</u> cannot bring a claim for copyright infringement unless the work is registered with the United States Copyright Office.") (emphasis added). Whether a work is a "United States Work" for

these purposes is defined by a portion of Section 101 which provides as follows:

> For purposes of section 411, a work is a "United States work" only if—
> (1) In the case of a published work, the work is first published –
>   (A) in the United States;
>   (B) simultaneously in the United States and another treaty party or parties, whose law grants a term of copyright protection that is the same as or longer than the term provided in the United States;
>   (C) simultaneously in the United States and a foreign nation that is not a treaty party; or
>   (D)  in a foreign nation that is not a treaty party, and all of the authors of the work are nationals, domiciliary, or habitual residents of, or in the case of an audiovisual work legal entities with headquarters in, the United States.

It is undisputed that the Series was not first published in the United States and that China is a "treaty party." Thus, the dispute this Court ruled on focused entirely on whether the requirements of subsection B were satisfied. (*See* Order at 5 "The parties agree that the series does not satisfy three of § 101's four criteria for 'United States work.' The dispute is whether the series is a 'United States work' under" subsection B).

However, the Order wrongly states that "Both parties distill this criterion to mean that a work is a United States work if it was published simultaneously in the United States and in a foreign nation." (Order at 5-6). While this statement *does* properly recite the *first* part of this requirement, it ignores the second clause providing that this definition only applies if the foreign nation's "law grants a term of copyright protection that is the same as or longer than the term provided in the United States." 17 U.S.C. § 101.

Pursuant to 17 U.S.C. § 302(a) and (b), the duration of copyright protection is "a term consisting of the life of the author [or the last surviving author] and 70 years after the author's [or last surviving author's] death." In contrast, Chinese law[1] grants copyright protection for the duration of the

---

[1] Federal Courts are authorized to interpret and determine questions of foreign law pursuant to Federal Rule of Civil Procedure 44.1. *De Fontbrune v.*

120131.001/2240425
4

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

author's life and 50 years after the author's death.[2] In short, copyright protection in China is 20-Years *shorter* than copyright protection granted in the United States.

Accordingly, even if Martial Universe was simultaneously published in both China and the United States, it *still* does not become a "United States Work" under Sections 411 and 101.  Thus, Plaintiff does have standing to pursue their claims.

## V.   CONCLUSION

This Court's Order on Defendant's Motion for Summary Judgment incorrectly reads the definition of "United States Work" in concluding that Plaintiff lacks standing to pursue its claims.  For this reason, Plaintiff respectfully requests that this Court reconsider its order granting Defendant's Motion for Summary Judgment.

---

*Wofsy*, 838 F.3d 992, 999 (9th Cir. 2016) (Rule 44.1 "authorizes courts to conduct independent research outside the parties' submissions in determining foreign law" as "rulings on foreign law are determinations of law, not of fact.")

[2] *See* United States International Trade Commission Industry Report:  *China: Intellectual property Infringement, Indigenous Innovation Policies, and Frameworks for Measuring the Effects of the Economy*, Nov. 1010 ("Under Chinese law, the copyright owner holds a bread set of exclusive rights, including the right to reproduce, distribute, perform, and adapt the work for a period of up to 50 years for corporate authors, or the life of the author plus 50 years for individual authors."); *See also Copyright Law of the People's Republic of China, Section 3 Article 21*, available online at https://www.wipo.int/wipolex/en/text/466268 ("The term of protection for the right of publication and the rights referred to in Article 10, paragraphs (5) to (17) of this law in respect of a work of a citizens hall be the lifetime of the author and fifty years after his death, and expires on 31 December of the fiftieth year after the death of the author."); *Decision of the State Council on Amending the Regulations for the Implementation of the Copyright Law of the People's Republic of China*, available online at http://ipr.mofcom.gov.cn/zhuanti/jkblh/iplaws/copyright/zzqtl.pdf ("In the case of a work of an unidentified author, the term of protection for the rights of such an author as provided in subparagraphs (5) through (17) of the first paragraph of Article 10 of the Copyright Law shall expire on December 31 of the 50th year after the first publication of the work.")

Respectfully submitted,

Dated: June 26, 2024

**THOITS LAW**

By: */s/ David B. Sarfati*
David B. Sarfati
*Attorneys for Plaintiff,*
LIVN WORLDWIDE LTD., a
Mauritius limited company,