ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
BRANDON E. HUGHES (SBN 329947)
beh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone:   (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Defendant Vubiquity Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LIVN Worldwide Ltd., a Mauritius limited company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Vubiquity Inc., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendant. | CASE NO. 2:21-cv-09589-AB-KS<br><br>Honorable André Birotte Jr.<br><br>**DEFENDANT VUBIQUITY INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Date:　　　July 26, 2024<br>Time:　　　10:00 a.m.<br>Location:　　Courtroom 7B<br>　　　　　　350 W. 1st Street<br>　　　　　　Los Angeles, CA 90012 |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant Vubiquity, Inc. ("Vubiquity") respectfully submits this memorandum of points and authorities in opposition to plaintiff LIVN Worldwide Ltd.'s ("Plaintiff") motion for reconsideration.

## I.   INTRODUCTION

As Vubiquity explained previously and as the Court recognized, Plaintiff was unable to offer any admissible evidence—beyond speculative and self-contradictory testimony from Plaintiff's principal, Nadeem Sham—that would satisfy Plaintiff's burden to establish standing. Accordingly, the Court found that Plaintiff may not avail itself of the exemption to the requirement that works be registered with the U.S. Copyright Office for there to be standing to sue.

Plaintiff's reconsideration motion not only fails to meet the threshold requirements, but it relies on reading the arguments and the Court's ruling and reasoning far too narrowly. Specifically, Plaintiff focuses on a specific issue in one of the subsections of the Copyright Act that addresses standing—an issue that Plaintiff has no explanation for not raising earlier. Moreover, Plaintiff's motion ignores the larger point that Plaintiff submitted no admissible evidence on the question of whether it could avail itself of the foreign-works exemption on *any* ground. This blinkered theory hardly constitutes a basis to meet the heightened requirements for a reconsideration motion. Further, given that Plaintiff's argument does not address the core basis for the Court's ruling and otherwise would not change the outcome, Plaintiff's motion is improper for this reason as well. Regardless of theory, the motion falls far short of merit and should be denied.

## II.   ARGUMENT

Under Local Rule 7-18, a motion for reconsideration must be filed within 14 days. C.D. Cal. L.R. 7-18. Motions for reconsideration may only be made on three grounds. *Id.* Specifically, motions for reconsideration

Mitchell
Silberberg &
Knupp LLP

may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. L.R. 7-18. Parties seeking reconsideration may not "in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Id.* Indeed, "a mere attempt by [the moving party] to reargue its position by directing [the] court to additional case law and . . . argument[s] which [it] clearly could have made earlier, but did not . . . is not the purpose of motions for reconsideration under Local Rule 7-18." *Brookfield Property Grp., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:23-cv-00095-AB-MAR, 2023 WL 8870549, *1 (C.D. Cal. Aug. 28, 2023) (Birotte, J.) (citation and quotation omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).[1]

Plaintiff disregards the Local Rule, relying instead solely on a combination of Fed. R. Civ. P. 59(e) and 60(b) to claim that the Court committed a manifest error of law and manifest injustice will result therefrom. Regardless of the standard, Plaintiff's argument is nonetheless unavailing under any theory.

The crux of Plaintiff's argument is that that Copyright Act specifies that the simultaneous publication rule applies only where a foreign nation's copyright term is longer than that of the United States, and China's term of copyright is shorter than that of the United States. *See* Mot. at 4. Plaintiff provides no explanation as to why it did not make this argument previously, given that the Copyright Act—much

---

[1] Despite invoking all potential reconsideration rules (*see* Notice of Motion at 1), Plaintiff has not satisfied any basis under Fed. R. Civ. P. 59(e) or 60(b), nor under the narrower Local Rule that applies here. *See Costa v. Melikov*, No. 2:20-09467-AB-ASx, 2022 WL 18228248, *1 (C.D. Cal. Oct. 21, 2022) (Birotte, J.) (observing that relief under Rules 59(e) or 60(b) is only considered in "highly unusual circumstances" or on "extraordinary" grounds, respectively).

Mitchell Silberberg & Knupp LLP

**VUBIQUITY'S OPPOSITION TO MOTION FOR RECONSIDERATION**

less the relevant provisions in this case—has not been modified at any relevant time. *See* C.D. Cal. L.R. 7-18. Had Plaintiff done so, Vubiquity would have said what it said before in its moving and reply papers on summary judgment: a party seeking an exemption from the registration requirement must put forth *admissible, specific facts* demonstrating that the foreign works exemption applies. *See* ECF No. 85 at 7-8; ECF No. 88 at 3 (citing, *inter alia*, *teamLab Inc. v. Museum of Dream Space, LLC*, 650 F. Supp. 3d 934, 944 (C.D. Cal. 2023) ("the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial"); *Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, 2015 WL 12655484, at *4 (C.D. Cal. Nov. 19, 2015) ("[T]he party seeking to protect a work must first establish that the subject of copyright is not a United States work."); *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, No. 16CV1318GBDBCM, 2022 WL 2530456, at *9 (S.D.N.Y. Mar. 9, 2022) ("It is the plaintiff's burden to plead and prove that the work is *not* a United States work.")).

Plaintiff's effort to raise the matter now underscores that Plaintiff has lost the forest for the trees. Indeed, while it is nonsensical under the principles of the Berne Convention that the United States, in adopting the Berne Convention, would penalize citizens of foreign countries with longer terms of copyright that might protect U.S. citizens and give an "out" to citizens of countries that do not provide equal or greater benefits to U.S. citizens, the point is a mere curiosity in the context present in this action and in the scope of the Court's reasoning. Here, whether or not Plaintiff's arguments undercut subsection B of the "United States Work" exemption is irrelevant. Plaintiff had *no* admissible information to show *where* or *when* or *how* or *to whom* the first publication of the series was made—including the distribution of copies to shop it to buyers or distributors who first made the work available to the general public. *See* Order, ECF No. 103 at 6 ("The evidence pertaining [to] the Series' place of first publication is limited."); *id.* at 7 ("[E]ven if

Mr. Sham was *only speculating* as to the U.S. publication date, that does not satisfy [Plaintiff's] burden to come forward with substantial probative evidence from which a jury could find in its favor that the Series was first published outside of the United States.") (emphasis in original); *id.* at 8 ("Mr. Sham's statement in ¶ 6 of his declaration that he 'understands' and 'knows' that the series was first released in China before it was ever made available in the United States is without foundation and is speculative[.]'").

As Plaintiff admitted and the Court found (*id.* at 8), Plaintiff acquired the rights in March 2019 from another party. Fox Distribution, a U.S. company, is named within the various untranslated Chinese-language documents that Plaintiff submitted and very well could have been the first party to have been offered the *Martial Universe* series, *i.e.*, in the United States under subsection A or perhaps elsewhere under subsection C. Amazon, a U.S. company, was an early distributor, as was U.S.-based YouTube (Order at 6-7); presumably someone may have reached out to Amazon first to offer Amazon rights to deliver the series. *See* 17 U.S.C. § 101 ("offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication.").

As the Court's Order explained in clear detail, the key here is that Plaintiff simply *did not know* any facts pertaining to the first publication under *any* subsection of the "United States Work" definition. Plaintiff's failure to justify its reliance on the foreign works exception meant that Plaintiff was not entitled to a trial. This evidentiary problem, not a narrow and newly asserted copyright theory, is the reason for Plaintiff's loss. *See* Order at 8 ("[Plaintiff] has not come forward with evidence sufficient to create a triable issue as to where the Series was first 'published' within the meaning of the Copyright Act. At best, there is an *absence of evidence* going to the Series' place of first publication. [Plaintiff] therefore

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S OPPOSITION TO MOTION FOR RECONSIDERATION**

1  cannot meet its burden to establish that the Series was first published in a Berne

2  Convention signatory besides the United States.").

3       Plaintiff also fails to address how reconsideration would impact the outcome

4  in the case. Vubiquity made arguments on multiple grounds, and it very well may

5  have prevailed on others had the Court not prudently determined that Plaintiff

6  failed to back up its election not to register its work with admissible evidence.

7  Accordingly, it is speculation that "manifest injustice" would result given both the

8  failure to meet the minimum burden required to get around the registration

9  requirement and the failure to show that summary judgment would have been

10  denied.

11  **III.   CONCLUSION**

12       For the foregoing reasons, Vubiquity respectfully requests that Plaintiff's

13  motion for reconsideration be denied.

15  DATED: July 1, 2024           RESPECTFULLY SUBMITTED,

16                       ELEANOR M. LACKMAN

17                       BRANDON E. HUGHES
                     MITCHELL SILBERBERG & KNUPP LLP

19                       By: _/s/ Eleanor M. Lackman_

20                          Eleanor M. Lackman

21                          Attorneys for Defendant
                        Vubiquity Inc.

1

## <u>CERTIFICATION</u>

2       The undersigned, counsel of record for Vubiquity, Inc., certifies that this

3  brief contains 1,907 words, which complies with the word limit of L.R. 11-6.1.

4

5    DATED: July 1, 2024          RESPECTFULLY SUBMITTED,

6                      ELEANOR M. LACKMAN
                          BRANDON E. HUGHES

7                      MITCHELL SILBERBERG & KNUPP LLP

8

9                  By:  */s/ Eleanor M. Lackman*
                         Eleanor M. Lackman

10                      Attorneys for Defendant
                      Vubiquity Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**VUBIQUITY'S OPPOSITION TO MOTION FOR RECONSIDERATION**