Stephen C. Gerrish (SBN 61253)
THOITS LAW
A Professional Corporation
400 Main Street, Suite 205
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:  (650) 325-5572

*Attorneys for Plaintiff,*
LIVN WORLDWIDE LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVN WORLDWIDE LTD., a Mauritius limited company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VUBIQUITY INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendant. | CASE NO. 2:21-cv-09589-AB-KS<br><br>Honorable André Birotte Jr.<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT VUBIQUITY'S MOTION FOR RECONSIDERATION**<br><br>Date:　　　March 7, 2025<br>Time:　　　10:00 a.m. |

## I.    INTRODUCTION

Defendant has failed to point out anything that the Court overlooked in rendering its initial decision. Nothing new, whether facts or law, is presented. Nothing presented in the motion supports a finding that this Court abused its discretion: the Court's decision was not an abuse of discretion.

Defendant, in effect, concedes in its motion that it is simply rearguing its original motion.  That Defendant does not agree with the judge's decision is not a basis for reconsideration.

In fact, the filing of the motion violates this court's rules regarding motions for reconsideration.

1

THOITS LAW
A PROFESSIONAL CORPORATION

**THOITS LAW**
A PROFESIONAL CORPORATION

Local Rule L.R. 7-18 emphasizes the limitations on motions for reconsideration. Defendant's motion may only be based on:

    a.    a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered;

    b.    the emergence of new material facts or a change of law occurring after the Order was entered;

    c.    a manifest showing of a failure to consider material facts presented to the Court before the Order was entered

The rule concludes with a mandate: "No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."

Defendant's motion in every "manner" repeats the arguments of its original motion.  The Ninth Circuit has made it clear: "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999).

As will be discussed below, the Court's ruling was correct and supported by the controlling factors cited by the court, as enumerated in *Perfect 10, Inc.*, 2015 WL 1746484, and *Fogarty v. Fantasy*, 510 U.S. 527, 559. There was no basis in the record that an award of fees to Defendant was necessary to deter suspect or fraudulent claims.  Plaintiff's case was dismissed based on its lack of standing: the Court's ruling was procedural.

This court did not abuse its discretion in denying Defendant's claim for attorneys' fees.

THOITS LAW
A PROFESIONAL CORPORATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    ARGUMENT

After listing five grounds for its motion, Vubiquity recites four arguments in its Introduction, all of which repeat the basis of its original motion.  (See, ECF 125: 4-5). It is worth noting that Defendant's "Notice" of motion for reconsideration lists five grounds (ECF 125:2); the "Introduction" in the argument describes four grounds (ECF 125-126); but Defendant's "Argument" only directly addresses three of claimed grounds: i. that the original motion was based on 17 U.S.C. section 505; ii. that the original motion provided a practicable basis for calculation; and, iii. the Court's order did not "discuss" Vubiquity's offer of judgment.  (see, ECF 125:9-16). These are the focus of Defendant's argument, and of Plaintiff's response herein. It is telling, however, that all of the arguments refer directly to, and repeat arguments in, its original motion.

First, Vubiquity asserts that its original motion was pursuant to 17 U.S.C. section 505 (ECF 125:3).  There was no confusion about this. Defendant asserted this as the basis for its motion for fees, and it is not a new or different legal basis (See, ECF 111:2, 6, 7 (fn 1), 11:4-5, 13:22, 18:3). Defendant's references in the "Introduction" to its "Third" argument (acknowledgment of prior reliance on the Lanham Act) (ECF 125:4), is not argued except as a predicate to its recitation that its motion was based on 17 U.S.C. section 505 (the Copyright Act).

As a second argument for reconsideration, Vubiquity argues that its original motion provided a "practicable basis" for awarding fees (ECF 125:16-18), specifically disagreeing with the Court's finding that Defendant did not do so (see Order Denying Defendant's Motion for Attorneys' Fees, ECF 124: 4 ["...Nor does Vubiquity apportion the fees or present a practicable, non-onerous way to eliminate Lanham Act fees."]).  In other words, Defendant asks the court to change its mind, noting that it is routine

OPPOSITION TO VUBIQUITY'S MOTION FOR RECONSIDERATION

for courts to discount requested fees, and that its original motion supplied a basis for such a discounting.  This admission is telling.  Vubiquity concedes that its original motion included what it believed was the factual basis for such a calculation. The court's order denying fees addressed this: there is no showing of a "manifest...failure to consider material facts."  Instead, Defendant asserts that it was Plaintiff's burden to provide the any apportionment of fees – which is not the case (see, ECF 125:5 (lines 24-25); nevertheless, Vubiquity argues, and concedes, that in its original motion it "substantiated its entitlement to such fees with evidence." (ECF 125:2 (lines24-26): an admission that it is re-arguing its original motion.

   Nothing new is offered in Defendant's motion for reconsideration: in the words of Rule 7-18, no "new, material facts or a change of law" have occurred; no "material difference" exists which in the exercise of reasonable diligence could not have been known to Vubiquity.

   Defendant's third argument is that the court in its decision did not "reference or analyze" the offer of judgment made by Vubiquity to LIVN. Vubiquity argued this in its original motion: it was before the court. (See, ECF 111:7 (line 9); 9 (line28); 10(line 1)).  There is no requirement that the Court should specifically mention this in its order. There is nothing to support a claim that the Court abused its discretion by failing to articulate how, if at all, this offer affected the Court's exercise of discretion, or a requirement that it be mentioned in its ruling.

   Vubiquity's motion for reconsideration disregards completely the mandate of the local rule:   "No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."

   Further, and very critical to the question of awarding fees to successful defendants in a copyright infringement case, Vubiquity's motion ignores the

THOITS LAW
A PROFESIONAL CORPORATION

OPPOSITION TO VUBIQUITY'S MOTION FOR RECONSIDERATION

actual basis for the ruling denying attorneys' fees: LIVN lacked standing, determined by the procedural issues addressed in the original motion. The court did not rule and made no finding that LIVN's claims or motives were frivolous or unreasonable. No factual basis was provided that might support an award as a "deterrence" to unreasonable claims. A "technical defense" (standing) was the basis for the dismissal of plaintiff's claims. The other relevant factual findings that might have supported or been relevant to an award of fees were not present: there was no objective unreasonableness of the claim (both in the factual and in the legal components of the case), or the need in these circumstances to advance considerations of compensation and deterrence of unreasonable, suspect or fraudulent claims, (*Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). And, the Ninth Circuit's additional considerations all support this court's ruling: the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff. *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763,766 (9th Cir.2003).

The only fact in Vubiquity's favor is that it was successful on a technical ground. And that alone is not the measure of an award of fees. As the court in *Ets-Hokin* stated:

> The only factor to weigh in Skyy's favor is the degree of success obtained. The remaining factors are either neutral or favor the denial of fees. "A district court's fee award does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Fantasy, Inc.,* 94 F.3d at 556 (internal quotation marks and citation omitted). The district court's denial of Skyy's fee request had no such basis, and was not an abuse of discretion.

The "remaining factors" all support this Court's denial of fees. Vubiquity is simply rearguing its original motion for fees. The only "factor to weigh" in its favor is that plaintiff did not prove standing. That factor does not outweigh the evidence before the court that as to these parties and these circumstances there was no "objective unreasonableness" or a need "to advance considerations of compensation and deterrence. Id. The reality is quite the opposite, if not for failing to prove standing regarding the copyright, there was merit in the allegations and a proper basis for the complaint – defendant's selling plaintiff's television series online without permission. This court did not abuse its discretion.

The court's admonition in *Ets-Hokin* bears repeating: "A district court's fee award does not constitute an abuse of discretion unless it is based on an inaccurate view of the law or a clearly erroneous finding of fact."

The third ground identified in Defendant's notice of motion, but not argued, is Defendant's claim that [P]laintiff had the burden to raise the issue of apportionment of fees between claims. (ECF 124: 2). This was not Plaintiff's burden. Defendant must carry its burden and bear the obligation to supply facts and argument in support an appropriate award: it cannot shift its burden to the opposing party or the court. Defendant concedes it provided all of its evidence of fees incurred, and demanded full recovery of all fees incurred, based on both the Lanham Act and the Copyright Act. Here, Defendant is simply rearguing its original motion: no new facts, no new law; no claimed improper application of existing law; instead, Defendant asserts that it was plaintiff's burden to raise the apportionment issue.

Defendant simply does not agree with the Court's order and wants to argue it again, without providing anything new as required by Rule 7-18.

This court must be guided by its own local rules, which, when applied, mandate denial of Defendant's motion. But, in addition, the broad general rules

THOITS LAW
A PROFESIONAL CORPORATION

**THOITS LAW**
A PROFESIONAL CORPORATION

adopted by the courts reinforce the strict guidelines of this court's rules. Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C.Cir.1987). This court did not base its ruling on an erroneous view of the law. The court did not make `a clearly erroneous assessment of the evidence,' or render a decision that 'cannot be located within the range of permissible decisions.' *Id.* (See, *Sims v. Blot,* 534 F.3d 117, 132 (2d Cir.2008)). Furthermore, and directly controlling here, in order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985).   Defendant in this case has not complied with this court's rules and, in any event, cannot show a clear error of law by the Court or the need to prevent a "manifest injustice."

**III.    CONCLUSION**

Defendant concedes it submitted to the court all information necessary related to its attorneys' fees incurred; no new evidence or law has been presented; and there is no evidence presented to sustain a finding that the Court abused its discretion, in light of applicable law governing the award of fees in a copyright infringement case.

Respectfully submitted,

Dated:  February 11, 2025                 **THOITS LAW**

By:  _____
                */s/  Stephen C. Gerrish*
             Stephen C. Gerrish
             *Attorneys for Plaintiff,*
             LIVN WORLDWIDE LTD.

OPPOSITION TO VUBIQUITY'S MOTION FOR RECONSIDERATION