UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-09589-AB-KS | Date: | April 3, 2025 |
|---|---|---|---|

| Title: | *LIVN Worldwide Ltd. v. Vubiquity, Inc., et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [Dkt. No. 125]**

Before the Court is Defendant Vubiquity Inc. ("Vubiquity") Motion for Reconsideration ("Motion," Dkt. No. 117). Plaintiff LIVN Worldwide LTD ("LIVN") filed an opposition and Vubiquity filed a reply. The Motion is **DENIED**.

### I. BACKGROUND

Vubiquity moves for reconsideration of the Court's Oder denying its motion for attorneys' fees. *See* Order (Dkt. No. 124). The Court denied the motion because while Vubiquity ostensibly moved for fees based on Section 505 of the Copyright Act, the fees it actually requested were not limited to just those fees incurred on copyright claims and state law claims pre-empted by the Copyright Act. Rather, Vubiquity sought to recover all of its fees incurred for the entire case, including those incurred defending against Lanham Act claims. And although the motion was under § 505, Vubiquity asserted in a footnote that it was also entitled to fees incurred on the Lanham Act claims, but it did not effectively move for such fees or make any argument justifying such an award. Because Vubiquity's fee request included fees that it was clearly not entitled to recover, and because Vubiquity

made no effort to exclude such fees from its overbroad request, the Court denied the motion, finding that Vubiquity failed to meet its burden of establishing the amount of the reasonable fees to which it was entitled.[1]

Vubiquity now moves for reconsideration on several grounds. None of them has merit.

## II.   LEGAL STANDARD

Motions to alter a judgment or for reconsideration may be brought under Fed. R. Civ. P. 59(e) or 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

A Rule 59(e) motion may be granted when (1) the judgment is based on manifest errors of law or fact, (2) the moving party presents newly discovered or previously unavailable evidence, (3) it is necessary to prevent manifest injustice, or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Relief through Rule 59(e) is generally reserved for highly unusual circumstances. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59(e) is not a vehicle to rehash arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).

Rule 60(b) allows for reconsideration only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Subparagraph (6) requires a showing of extraordinary grounds for relief. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). The mere belief that the court's decision was wrong does not justify reconsideration. *Id*.

Additionally, a court always retains the "inherent power to reconsider and

---

[1] Courts often resolve fees motions by first determining whether the moving party is entitled to recover fees, and then, if so, determining the amount. Here, because Vubiquity's fee request was plainly overbroad, the Court denied it on that basis and did not address whether Vubiquity established that it was entitled to fees.

modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) (internal quotes omitted). In this district, Local Rule 7-18 provides that motions for reconsideration made pursuant to the court's independent authority

> … may only be made because of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

A motion for reconsideration may not repeat any oral or written argument made in support of or in opposition to the original motion. *Id.* Indeed, "a mere attempt by [the moving party] to reargue its position by directing [the] court to additional case law and . . . argument[s] which [it] clearly could have made earlier, but did not . . . is not the purpose of motions for reconsideration . . . ." *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal. 1999).

## III.   DISCUSSION

Vubiquity invokes Local Rule 7-18(c), which provides for reconsideration based on "a manifest showing of a failure to consider material facts presented to the Court before such decision." Vubiquity states that the Court did "not fully consider[]" the following material facts: "(1) Vubiquity only specifically moved for fees under 17 U.S.C. § 505; (2) fees for the copyright claim can be awarded in a 'practicable' [way] [sic] by awarding fees incurred from February 2023, after the copyright claim became the only remaining claim in the action; (3) Plaintiff did not raise the issue of apportionment between claims; and (4) that Vubiquity substantiated its entitlement to such fees with evidence." None of this warrants reconsideration.

First, the Court did clearly consider that Vubiquity only moved for fees under § 505: indeed, that was an express premise of the Court's order—that Vubiquity moved only under § 505, but sought fees beyond the scope of § 505.

Second, Vubiquity did not present to the Court its current position that fees could be awarded in a practicable way by just awarding fees incurred since

February 2023, when, according to Vubiquity, the copyright claims became the only remaining claims in the action. Instead, in its fees motion, Vubiquity simply sought all fees incurred for all claims for the duration of the case, including non-copyright claims. Furthermore, despite Vubiquity's current argument that February 2023 is when the copyright claims became the only claim in the case, the docket shows no entries between 01/12/2023 and 06/30/2023, so it is not clear how the Court could have identified February 2023 as a reasonable fees cut-off date.[2] Vubiquity's footnote 3 shows that it apparently knew that fees incurred on Lanham Act claims were not recoverable under § 505, and yet it included those fees in its request. Now, Vubiquity faults the Court for not solving the problem of its own making in its preferred way. Vubiquity now states, albeit only in the conclusion to its opening brief, that the post-February 2023 fees total $301,686.50. But again, Vubiquity failed to make any part of this proposal in its original motion. "[A] mere attempt by [the moving party] to reargue its position by directing [the] court to. . . argument[s] which [it] clearly could have made earlier, but did not . . . is not the purpose of motions for reconsideration . . . ." *Yang Ming Marine Transp. Corp.*, 48 F. Supp. 2d at 1057. It is therefore inaccurate to characterize this as the Court failing to consider material facts presented to it in Vubiquity's fees motion.

Third, that LIVN did not raise the issue of apportionment between the claims does not put that issue beyond the Court's reach. It was Vubiquity's burden in the first instance to put forth a reasonable fee request, which means not including in its request a whole category of fees that it obviously could not recover. Including facially unrecoverable fees is unreasonable. The Court recognized Vubiquity's failure to meet its burden and was within its authority to enforce that burden.

Fourth, Vubiquity argues that it presented evidence in support of its fee request. It is true that Vubiquity did file about 150 pages of bills and invoices reflecting all of the hours expended to defend against all of LIVN's claims from the beginning of the lawsuit. *See* Lackman Decl. Ex. B (Dkt. No. 115-1). But just like the fee request itself, this submission was overbroad because it includes fees for unrecoverable Lanham Act work, and therefore this set of invoices as a whole does not support a *reasonable* fee request. Perhaps Vubiquity expected the Court to

---

[2] The fees motion states, in passing, that the Court dismissed LIVN's state law claims, "leaving its copyright infringement claim as its sole remaining claim. ECF 48." But the order at Dkt. No. 48 was entered on 11/21/2022, so it is not clear why Vubiquity identifies February 2023 as the time at which only the copyright claim remained. More importantly, Vubiquity's fees motion did not rely on that bit of procedural history for determining a proposed reasonable fee.

review those 150 pages of invoices, identify those invoices for work incurred through February 2023, and eliminate the fees from the total, but again, this was Vubiquity's job in its fees motion.

In sum, Vubiquity filed a fees motion that was facially overbroad, and after the Court denied the motion on that basis, now argues for reconsideration because the Court itself did not correct for that shortcoming by (1) determining the date by which only copyright claims remained, a date that Vubiquity asserts is February 2023 but which is not supported by the docket; (2) deciding that that date would be the proxy for fees recoverable under § 505, even though copyright claims were litigated before then; (3) going through the invoices to eliminate the fees billed up to that date; and (4) generating, on its own, the resulting fee amount. Courts often do award fees in amounts different from what was requested, but it was Vubiquity's burden to undertake something like the foregoing steps and to propose a reasonable fee in its fees motion. That the Court did not undertake this process on its own does not reflect a "failure to consider material facts presented to the Court."

The Court declines Vubiquity's alternative request to renew its fees motion.

## IV.   CONCLUSION

For the foregoing reasons, Vubiquity's Motion for Reconsideration is **DENIED**.

Vubiquity must file a proposed Judgment within 5 days of this Order. LIVN has 5 days thereafter to object as to form.

**IT IS SO ORDERED**.